## GALANOS v. UNITED STATES.
### No. 4876.

District Court, D. Massachusetts.
April 24, 1939.

Norman &. Campbell, of Worcester, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., and William J. Hession, Asst. U.S. Atty., both of Boston, Mass.

McLELLAN, District Judge.

The following statement may be taken, transcribed and filed with the papers in the case:

This is a war risk insurance case. The plaintiff moves under Rule 34, 28 U.S.C.A. following section 723c, for the production of and permission to copy and photograph the various papers referred to in the motion.

The plaintiff is entitled to the allowance of his motion so far as the records of the Chelsea Naval Hospital, Chelsea, Massachusetts; United States Veterans Hospital, Rutland, Massachusetts; United States Veterans Hospital, Newington, Connecticut; and the United States Veterans Hospital, Bronx, New York, are concerned. The defendant should afford the plaintiff, his agents or attorneys not exceeding two in number, an opportunity to examine and copy these records so far as they relate to the plaintiff. There is no necessity for the removal of the records from the Government's custody for the purpose of. photographing them. It is sufficient that the plaintiff has a fair opportunity to copy them.

The plaintiff also asks for the work records and time sheets pertaining to the plaintiff while in the employ of Neisner Brothers, Inc., and John C. MacInnes Company, both of Worcester, Massachusetts. The defendant is no more in control of these companies than is the plaintiff. Such information as the Government has with reference to the work records and time sheets of these companies was obtained by application to them. The motion as to the records of these two corporations is denied.

The plaintiff lists six physicians whose records he would like to have produced in order that they may be copied or photographed. I am credibly informed that in the list Dr. J. F. Rooney and Dr. John W. Cahill, both of Worcester, Massachusetts, are the only doctors employed by the defendant. The defendant concedes the plaintiff's right to examine the records of these two physicians so far as they re-

late to the plaintiff. The defendant is directed to produce these records and give the plaintiff an opportunity to examine and copy them.

 The rest of the motion is largely repetitious except that it asks for the privilege of photographing the records as opposed to copying them. There is no necessity for photographs under the circumstances here presented, where the plaintiff has been granted the right to copy the pertinent records.

The plaintiff's motion is allowed to the extent heretofore stated and it is in all other respects denied.