**Marjorie Barstow GREENBIE, Plaintiff,**

**v.**

**Hollister NOBLE et al., Defendants.**

United States District Court
S. D. New York.
Dec. 7, 1955.

Socolow, Stein & Seton, New York City, Monroe E. Stein, New York City, of counsel, for plaintiff.

Satterlee, Warfield & Stephens, New York City, James F. Dwyer, George C. Shively, New York City, Patricia A. O'Brien, New York City, of counsel, for defendants Doubleday & Co., Inc. and Sears Roebuck & Co.

EDELSTEIN, District Judge.

Defendants Doubleday & Company, Inc. and Sears Roebuck & Company object to certain of the interrogatories served upon them by the plaintiff in this copyright infringement action. Broadly, two main grounds for objection are offered. One, urged by both defendants, is that information relevant solely to the issue of damages is called for prematurely, before the establishment of liability. The other is raised only by Sears, which complains that portions of interrogatories are objectionable because they call for information concerning the internal business affairs of its subsidiaries, not parties to this action and related to it only through stock ownership.

■ In this district, the right of a plaintiff in a copyright infringement action to pursue inquiry before trial on the issue of damages has been upheld. Lundberg v. Welles, D.C., 93 F.Supp. 359. In any event, I find the plaintiff's position well taken that the interrogatories are material and necessary not alone to the amount of any recovery by her, but also to the validity of the defense of laches interposed by both Doubleday and Sears.

■■ As to the interrogatories concerning Sears' wholly owned subsidiaries, Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A., requires, for a party corporation, that answers be given "* * * by any officer or agent, who shall furnish such information as is available to the party." Answer cannot be avoided by alleging ignorance, if the corporation can obtain the information from sources under its control. 4 Moore Federal Practice 2331, 2nd ed.; Hornung v. Eastern Auto. Forwarding Co., D.C., 11 F.R.D. 300. Hence, all that remains is the factual question of whether or not Sears can obtain the information from sources under its control. If it cannot furnish the information sought, Sears should so state under oath.

Accordingly, the objections are overruled.