STATE of Missouri ex rel. Charles W. BUSH, Relator,

v.

Honorable R. Kenneth ELLIOTT, Judge of the Circuit Court, Division Two, Within and for the County of Clay, State of Missouri, Respondent,

and

Robert Gene Shipley, a Minor, By His Mother and Next Friend, Ella Mae Shipley, Parties to be adversely affected.

No. 49453.

Supreme Court of Missouri,

En Banc.

Jan. 14, 1963.

**632**

Sylvester Powell, Jr., Heilbron & Powell, Kansas City, for relator.

Thaine Q. Blumer, Blumer & Wright, Kansas City, for respondent.

STORCKMAN, Judge.

This is an original proceeding in prohibition. The relator who is the defendant in a personal injury action seeks to prohibit the respondent circuit judge from requiring him to answer an interrogatory propounded by the plaintiff which calls for the production of a copy of the defendant's motor vehicle liability insurance policy. The question presented involves a construction of Supreme Court Rules 56.01 and 57.01(b), V.A.M.R.

Robert Gene Shipley, a minor nine years of age, by his mother as next friend, filed suit for personal injuries alleged to have been received as a result of a collision between a bicycle he was riding and an automobile operated by the defendant Bush, the relator herein. The prayer of the petition is for actual damages in the sum of $50,000. The defendant's answer admitted the collision but denied all other allegations of the petition.

Thereafter the plaintiff filed interrogatories that he requested the defendant to answer, among which were these:

"11. For the purpose of voir dire inquiry of the jury, state if any person, firm, or corporation is financially interested in the cause of action herein because of any contracts or relationships either with you or by which you may benefit.

"12. If you answered the preceding interrogatory in the affirmative, state the name and address of said persons, firm, company or corporation.

"13. If you answered the interrogatory immediately preceding the last interrogatory in the affirmative, state whether said contract was written or verbal, and if written, attach copy thereof, and if verbal, state the general terms of said contract."

The respondent circuit judge entered an order that unless prohibited he would require the defendant to answer these interrogatories. The defendant-relator admits

that his answers to interrogatories 11 and 12 will disclose the name of his liability insurance carrier and concedes that under existing law the supplying of such information is proper for "the purpose of voir dire inquiry of the jury." He objects, however, to interrogatory 13 and contends that required compliance with such an interrogatory is not authorized by the Supreme Court Rules of Civil Procedure relating to pretrial discovery. The precise question involved is whether a defendant in a suit for actual damages for personal injuries based on negligence in the operation of a motor vehicle can be required to furnish the plaintiff with a copy of his policy of liability insurance which will disclose the limits and all other terms of his liability insurance coverage.

The Supreme Court Rules insofar as pertinent to this inquiry are:

Rule 56.01: "Interrogatories may relate to any matters which can be inquired into under Rule 57, and the answers may be used to the same extent as provided in Rule 57 for the use of the deposition of a party."

Rule 57.01(b): "Unless otherwise ordered by the court as provided by this Rule, the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."

The portions of Rules 56.01 and 57.01(b) set out above are identical with Federal Rules of Civil Procedure 33 and 26(b), Title 28 U.S.C.A. As indicated by the Committee Note and Comment appended to Supreme Court Rule 57.01, the present rules broaden the scope of discovery to include not only admissible evidence but also matters reasonably calculated to lead to the discovery of admissible evidence.

In an original prohibition proceeding such as this, the question for the determination of this court is whether the document is relevant and material to the subject matter in the pending action or is reasonably calculated to lead to the discovery of admissible evidence, and the simple test is whether the document sought tends to prove an issue in the case. State ex rel. Cummings v. Witthaus, 358 Mo. 1088, 219 S.W.2d 383, 387 [6], 8 A.L.R.2d 1124; State ex rel. Boswell v. Curtis, Mo.App., 334 S.W.2d 757, 760 [2–5]; State ex rel. Kroger Company v. Craig, Mo.App., 329 S.W.2d 804, 806 [1, 2]; Central & Southern Truck Lines, Inc. v. Westfall GMC Truck, Mo.App., 317 S.W.2d 841, 847 [4].

The elicitation of the name of the liability insurance carrier in a personal injury case and the interrogation of the veniremen concerning their interest or connection with the insurer are permitted if the inquiry is made in good faith for the purpose of determining the qualifications of the prospective jurors, but the use of this or other means to inject into the case for an improper purpose the fact that a litigant is covered by liability insurance constitutes reversible error. McCaffery v. St. Louis Public Service Co., 363 Mo. 545, 252 S.W.2d 361, 367 [3, 4]; Carter v. Rock Island Bus Lines, 345 Mo. 1170, 139 S.W. 2d 458, 461–462 [1, 2]; Schroeder v. Rawlings, 344 Mo. 630, 127 S.W.2d 678, 681 [1]; Rytersky v. O'Brine, 335 Mo. 22, 70 S.W.2d 538, 539–540 [4, 5]; Gooch v. Avsco, Incorporated, Mo., 340 S.W.2d 665, 667 [1–4].

The respondent's first point is that the insurance policy itself is the best evidence of the financial interest of the insurer. The only information a party needs for examining the jury panel is the name of the insurance company. This information

is usually ascertained by inquiring of defendant's counsel, or at a hearing before the court, or as in this case by interrogatories propounded to the defendant. Carter v. Rock Island Bus Lines, 345 Mo. 1170, 139 S.W.2d 458, 462 [6]; Glick v. Arink, Mo., 58 S.W.2d 714, 718 [5, 6]. Since the name of the insurer is only collaterally and incidentally involved, the best evidence rule does not apply. In re Mingo Drainage District, 267 Mo. 268, 183 S.W. 611 [4]; Levelsmeier v. St. Louis & S. Ry. Co., 114 Mo.App. 412, 90 S.W. 104 [3]; Cable v. Johnson, Mo.App., 63 S.W.2d 433 [2].

■ In the second paragraph of Rule 56.01(a) is this provision: "Interrogatories may require as a part of or with the answers * * * copies of such documents, * * * not privileged, as are relevant to the answers required, * * *." Since the relator concedes the propriety of his answering interrogatories 11 and 12, the respondent argues that "relator must produce his policy of insurance because said policy of insurance is related to his previous answer that he does have such a contract." This reasoning overlooks the fact that the name of the insurer was required for limited use on the voir dire examination and nothing more is required or proper for that purpose. The contents of the policy continue to be irrelevant and immaterial to any proper issue in the case.

The plaintiff's petition alleges that the defendant was operating an automobile and the defendant in his answer asserts that he was operating a pickup truck. On this ground the respondent urges that the existence of liability insurance is relevant because the form of policy required by statute will reveal the identity of the vehicle insured. In support of this contention the respondent cites Layton v. Cregan & Mallory Co., 263 Mich. 30, 248 N.W. 539, and Orgel v. McCurdy, D.C.N.Y., 8 F.R.D. 585. In the Layton case the defendant denied ownership of the motor vehicle involved and the agency of the driver. The court held that the policy and the reports of the accident would tend to throw some light on

these issues and that the plaintiff was entitled to their production in order that she might "prepare for the trial". The question involved in the Orgel case is not as clearly spelled out, but it appears that the corporate defendant's office manager was ordered to testify at a pretrial examination "on all issues relating to any liability insurance carried by said defendant upon the motor vehicle of defendant McCurdy". Apparently agency was also an issue in the Orgel case. There are no issues of ownership or agency in this case. Whether the defendant was driving an automobile or a truck makes no difference so far as the degree of care is concerned. Each is a motor vehicle—the operation of which requires the exercise of the highest degree of care. Section 304.010, RSMo 1959, V.A.M.S.

Further in this connection the respondent asserts that § 303.190, subd. 2(1), which is part of the Motor Vehicle Safety Responsibility Law, "provides that the vehicle insured shall be described in said policy". The exact language of this provision is that the owner's policy of liability insurance "Shall designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby to be granted". Subd. 3 of this section provides that an operator's policy shall cover liability for damages arising out of the use of any motor vehicle not owned by him. The pleadings in this case present no issue of ownership of the motor vehicle involved or of the agency of its operator. The record does not demonstrate that the policy has any bearing on the kind of motor vehicle the defendant was actually operating at the time of the casualty.

■ In another assignment the respondent contends that the public policy of this state as evidenced by the Motor Vehicle Safety Responsibility Law vests the injured party with an interest in the liability insurance proceeds and renders the production of the policy relevant. He refers specifically to § 303.190 which deals with the provisions required in contracts of liability insurance. He also relies on Johanek

v. Aberle, D.C.Mont., 27 F.R.D. 272; Novak v. Good Will Grange No. 127, Patrons of Husbandry, D.C.Conn., 28 F.R.D. 394, and Brackett v. Woodall Food Products, Inc., D.C.Tenn., 12 F.R.D. 4. We need not discuss these cases or the kind of statutes involved because there is nothing in the Missouri Responsibility Law that gives any substance to the plaintiff's contention that the terms of the liability policy are relevant under existing rules or statutes relating to pretrial discovery. See in particular §§ 303.051, 303.120, 303.160 and 303.170, RSMo 1959, V.A.M.S. The statutes in question do not indicate any purpose or intent that the courts should require a disclosure of the amount of a motorist's liability insurance coverage prior to the rendition of a judgment against him and the institution of proceedings to apply the insurance proceeds to the satisfaction of the judgment.

■ Another ground assigned by the respondent is that the production of the liability policy is relevant because a judgment may be obtained upon which garnishment proceedings could be instituted against the insurance company. The theory urged is that a garnishment proceeding is ancillary to and a continuation of the main action and that production of the policy should be required at this time in order to preserve it for possible future use. In Maddox v. Grauman, Ky., 265 S.W.2d 939, 41 A.L.R.2d 964, the question propounded was whether the defendant had liability insurance, the name of the carrier, and the policy limits; however, the right to have the first two questions answered was not conceded as in the case at bar. Under a similar discovery rule, the Kentucky court held all three questions should be answered. Reference was made to possible future garnishment action. The decision was based on the broad ground that the information sought was relevant to the subject matter of the action. Other cases cited by respondent are Superior Insurance Company v. Superior Court, 37 Cal.2d 749, 235 P.2d 833, and Laddon v. Superior Court, 167 Cal.App.2d 391, 334 P.2d 638. The cases relied on are not persuasive. Most personal injury claims are settled, some prior to suit and others before verdict and final judgment. Of those tried, some result in defendant verdicts. In the present case the plaintiff has the name of the liability insurance company. If he obtains a judgment, he knows against whom to proceed to collect the insurance money, and the information as to policy limits which he now seeks would then be relevant. The Missouri statutory provisions for the preservation of the rights of a potential judgment creditor and for the application of liability insurance proceeds to the payment of a final judgment are salutary and adequate. See §§ 379.195 and 379.200, RSMo 1959, V.A.M.S. We decline to require the disclosure of the limits of a motorist's liability insurance upon such a speculative pretext.

The respondent's remaining contention is that the relator should be required to answer interrogatory 13 "because the disclosure of said policy, including the limits of liability therein, would promote the disposition of litigation without trial." The respondent's written argument states that "the underlying reason for the controversy over the production of insurance policies, both pro and con, results from the injured party's desire, and we think right, to know the limits of the policy, and the insurer's desire to keep the injured party from becoming aware of the likelihood of sizable policies." It goes on to say that "there has been invented a number of legal reasons persuading courts to allow the production of the policy for reasons that, though perfectly proper, avoid the main issue." We are assured that: "No other one thing could be done that would dispose of personal injury litigation with more dispatch than the interpretation of its rules by this Court, which would require the production of the insurance policy on the sole ground that it is related to the subject matter because it would tend to dispose of litigation."

The question presented is one of first impression in this state. It has seldom arisen in other jurisdictions and the cases on the subject are not in agreement. The respondent cites People ex rel. Terry v. Fisher, 12 Ill.2d 231, 145 N.E.2d 588; Lucas v. District Court, 140 Colo. 510, 345 P.2d 1064, and Pettie v. Superior Court, 178 Cal.App.2d 680, 3 Cal.Rptr. 267. These cases reject the concept that the information sought must be admissible in evidence and apparently give no effect to the provision of the rule that the matter must be reasonably calculated to lead to admissible evidence if the matter itself is not admissible.

■ The Missouri courts have held quite uniformly that unless the matter sought is admissible in evidence, or is likely to lead to admissible evidence, discovery is not permitted even though the information sought might aid the inquiring party in preparing for trial. State ex rel. Thompson v. Harris, 355 Mo. 176, 195 S.W.2d 645, 647–648 [9], 166 A.L.R. 1425; State ex rel. Kroger Company v. Craig, Mo.App., 329 S.W.2d 804, 806 [2]. To decide the issue in accordance with the respondent's contention would be a radical and complete departure from this concept.

■ The more persuasive cases from other jurisdictions have held against requiring disclosure of policy limits. They are better reasoned and more consistent with the primary purpose of the rules relating to pretrial discovery. Some of the cases so holding are: Cooper v. Stender, D.C.Tenn., 30 F.R.D. 389; McDaniel v. Mayle, D.C.Ohio, 30 F.R.D. 399; Jeppesen v. Swanson, 243 Minn. 547, 68 N.W.2d 649; McClure v. Boeger, D.C.Pa., 105 F. Supp. 612; McNelley v. Perry, D.C.Tenn., 18 F.R.D. 360; Gallimore v. Dye, D.C.Ill., 21 F.R.D. 283; Di Pietruntonio v. Superior Court, 84 Ariz. 291, 327 P.2d 746; Ruark v. Smith, 1 Storey, Del., 420, 147 A.2d 514, and Brooks v. Owens, Fla., 97 So.2d 693. All that needs to be said on the subject has been well expressed in the above cases.

We refer to Jeppesen v. Swanson, 243 Minn. 547, 68 N.W.2d 649, for a discussion and careful analysis of the cases in existence when that case was decided. Our views are in harmony with the following quotations from Jeppesen and other cases.

"It would seem to us that, even though the discovery is not to be limited to facts which may be admissible as evidence, the ultimate goal is to ascertain facts or information which may be used for proof or defense of an action. Such information may be discovered by leads from other discoverable information. The purpose of the discovery rules is to take the surprise out of trials of cases so that all relevant facts and information pertaining to the action may be ascertained in advance of trial. Where it is sought to discover information which can have no possible bearing on the determination of the action on its merits, it can hardly be within the rule. It is not intended to supply information for the personal use of a litigant that has no connection with the determination of the issues involved in the action on their merits." Jeppesen v. Swanson, 243 Minn. 547, 68 N.W.2d 649, 656–657.

"The law favors compromise settlements, but not at the expense of giving one party an advantage over the other in bringing about those settlements. But, we are not so sure that the giving to plaintiffs the limits of a defendant's liability insurance policy will bring about more compromise settlements than will the withholding of such information. Oftentimes cases are not settled because plaintiffs ask for greater damages than their cases justify. Compromise settlement is not the aim of the discovery rules. There is a body of opinion that holds to the belief that it is a by-product of the discovery rules." Cooper v. Stender, D.C. Tenn., 30 F.R.D. 389, 393.

On the case before us it seems, as stated in McClure v. Boeger, D.C.Pa., 105 F.Supp. 612, 613, that "every argument that could be made in favor of requiring the disclosure could also be made in favor of

compelling a defendant in any civil case, tort or contract, to furnish the plaintiff with full information as to his financial resources, and, in the case of an individual, as to the extent of his private fortune."

"Under the guise of liberal construction, we should not emasculate the rules by permitting something which never was intended or is not within the declared objects for which they were adopted. Neither should expedience or the desire to dispose of lawsuits without trial, however desirable that may be from the standpoint of relieving congested calendars, be permitted to cause us to lose sight of the limitations of the discovery rules or the boundaries beyond which we should not go." Jeppesen v. Swanson, 243 Minn. 547, 68 N.W.2d 649, 658.

The plaintiff suggests if the requested disclosure is not within the purview of the existing rules that the rules should be changed so as to authorize it. While the question is not before us for decision, it should be observed that the supreme court's rule-making power is not without limitations. Art. V, § 5, Constitution, 1945, V.A.M.S. provides: "The supreme court may establish rules of practice and procedure for all courts. The rules shall not change substantive rights, or the law relating to evidence, * * *." Furthermore, we are not persuaded that requiring the disclosure of policy limits would lessen the number of pending cases. It seems just as likely that awareness of "sizable policies" might warp the judgment of an injured person and perhaps his counsel as to the real worth of the claim and keep alive a case that should be settled. Where court congestion exists, there are means by which it can be attacked directly with more assurance of success.

Requiring the defendant-relator to answer and comply with interrogatory 13 would constitute an excessive exercise of respondent's jurisdiction in the circumstances of this case and cannot be approved. State ex rel. Transit Casualty Co. v. Mc-

Millian, Mo., 349 S.W.2d 210; State ex rel. Chicago, Rock Island & Pacific R. Co. v. Riederer, Mo., 303 S.W.2d 71; State ex rel. Phelps v. McQueen, Mo., 296 S.W.2d 85.

The provisional rule in prohibition is made absolute.

All concur.