Francis M. BAUER, Plaintiff-Respondent,

v.

James HOLTKAMP, Defendant-Respondent,

and

Mary Jane Sullivan, Defendant-Appellant.

No. 31890.

St. Louis Court of Appeals.

Missouri.

April 20, 1965.

Omer H. Avery, Troy, Derrick & Holderle, St. Louis, for defendant-appellant.

Hungate & Grewach, Troy, for plaintiff-respondent.

Edwards, Seigfreid & Runge, Mexico, Mo., for defendant-respondent.

FRANK D. CONNETT, Jr., Special Judge.

It was about 1:00 o'clock in the morning on April 18, 1962, when a card party in the home of Mr. and Mrs. William Edelen in Millwood, Lincoln County, Missouri, ended, and the guests began to leave. Among those leaving were Patrick and Mary Jane Sullivan, husband and wife. They were in a Ford automobile, belonging to Mary Jane and being driven by Patrick. They intended to go home. He backed the automobile northwardly out of the Edelen driveway, and on to a blacktop road, designated Highway E, running east and west. He failed to turn short enough and crossed the road and backed into a four-foot ditch and became stuck. This left the front end of his car blocking most of the north half of the road. While Patrick and four or five other guests were trying to get the Ford out of the ditch, James Holtkamp, driving an Oldsmobile automobile, approached from the east. He crested the hill some 150 feet east of the stalled Ford; was unable to stop; swerved out to his left; traveled 164 feet farther west on a course which took him into and along a two-foot deep ditch, and out again and across the yard of William Edelen and crashing into a house next door, belonging to Francis Bauer. The collision damaged the house in the amount of $974.

Francis Bauer brought suit in the Circuit Court in Lincoln County against James Holtkamp and Mary Jane Sullivan for this damage. The case was tried in the Court without a jury and the Court found in favor of the plaintiff and against defendant Mary Jane Sullivan in the amount of $974. The Court found in favor of defendant Holtkamp. After an intervening motion for new trial, defendant Sullivan appeals to this Court.

Defendant's first contention is that the plaintiff, Francis M. Bauer, is not the real party in interest and the suit should be dismissed. The only evidence pertaining to this issue came from the cross-examination of plaintiff. Plaintiff testified that the Farm Bureau Insurance Company had paid him some $970 for his entire loss; that as far as he knew, he was just there as a witness and would not get any of the money if judgment were rendered in his favor. When asked by the cross-examiner whether or not he had transferred his rights, arising out of the damage to his house, to any other person or corporation, he replied that he didn't know what the examiner meant; that he had endorsed the check but didn't know whether anything was written on the back of the check or not; that he signed no other papers. As noted by the able trial Judge, the proposition stated in the case of Hayes v. Jenkins, Mo.App., 337 S.W.2d 259, is on all fours with this case. There was no evidence offered that there had been an assignment of the cause of action or a satisfaction and release. An assignment or release of a cause of action cannot be inferred solely from the fact of payment. Bare legal title to the cause of action is

sufficient to maintain an action at law. There being evidence that plaintiff was the owner of the house that was damaged and it not appearing that plaintiff assigned his claim or entered into a satisfaction and release, the contention that plaintiff was not the real party in interest is denied.

Appellant's next point is that the evidence does not support the finding that defendant Mary Jane Sullivan was negligent. The evidence was that defendant's husband, Patrick, was driving the Ford when it was backed into the ditch, and the negligence was therefore his. However, respondent points out that the evidence also shows that defendant Mary Jane Sullivan owned the automobile, was personally present when it was being driven by Patrick, and that the owner and driver were engaged in a joint venture, to-wit, returning to their home from the party. He contends, therefore, that in such an instance, the negligence of Patrick, the driver, is imputable to the owner, and cites Kieffer v. Bragdon, Mo.App., 278 S.W.2d 10, 16. Imputed negligence was the basis of the trial court's finding that Mary Jane Sullivan was negligent.

Appellant in his reply brief agrees with this proposition of law but attempts to counter respondent by contending that since plaintiff did not plead this theory of imputed negligence, but pleaded specific negligence, that he will not be permitted to recover on a theory of imputed negligence. He argues that the law is that a plaintiff having pleaded a specific charge of negligence or a specific theory of recovery, he will not be permitted to recover on any other ground or theory; that since he did not plead his theory of imputed negligence, he cannot rely upon it· to sustain ·a judgment; that he was bound by the theory he pleaded. Although appellant's rule of law is sound, it does not apply in this instance. Relying on imputed negligence after having pleaded specific negligence is not changing the ground or theory of recovery. Imputing

the negligence of one to another has nothing to do with whether the negligence was pleaded specifically or generally, or what act or acts alleged to constitute actionable negligence make up one's theory of recovery.

The reason or basis for the rule of imputed negligence in these automobile cases is that a relation of principal and agent, or master and servant, exists between the owner and the driver of an automobile, and the owner being personally present in the automobile at the time, and having the control and authority of a principal, or master, is responsible for and bound by the negligence of his agent or servant. Smith v. Wells, 326 Mo. 525, 31 S.W.2d 1014, 1025. It is not necessary to plead agency relationship when the allegation is that the act was committed by the master, or principal, or, as in this case, by the owner, Mary Jane Sullivan. The fact that the act was committed by the agent or servant (here a husband and driver), supports the allegation and does not affect the recovery. The fact is pleaded according to its legal effect. See Gordon v. Bleeck Automobile Co., Mo.App., 233 S.W. 265, 266(3), and cases there cited. See also E. C. Robinson Lumber Co. v. Lowrey, Mo.App., 276 S.W.2d 636, 642(16). Judge Ellison in the case of McCoy v. Kansas City, St. J. & C. B. R. Co., 36 Mo. App. 445, 452, states the rule as follows: "In an action against the principal for an act of his agent and against the master for the act of his servant, the petition· charges the act to have been committed by the principal, or the master, without the named agent or servant; and proof that the act was committed by the agent or servant, supports the allegation. Bliss Code Pl. Sec. 158; Bennett v. Judson, 21 N.Y. 238. Such case in fact is pleaded according to its legal effect."

Appellant's next contention in effect is that even though the negligence of Patrick is imputed to Mary Jane, this negligence is not the proximate cause of

the damage to respondent's house. She relies on Greenwood v. Vanarsdall, Mo.App., 356 S.W.2d 109. As stated in her brief: "In this case the defendant drove his automobile at a dangerous rate of speed and lost control and went into a ditch at the side of the road. People congregated at the scene and later an automobile in which the plaintiff was a passenger, came along in the same direction in which the defendant had been driving, crested the hill and the driver swerved to avoid the people who had congregated on the road and ran into a culvert injuring the plaintiff. The Court on appeal held that the evidence was insufficient to support a submission of the defendant's negligence of driving his auto into the ditch, as having been the proximate cause of the plaintiff's injuries."

The Court also said, at page 113:

"When plaintiff received his injuries, whatever the defendant did or failed to do was done and finished. Fifty-five minutes had passed since the defendant's car had gone into the ditch. The dust had long settled and the reverberations had long since ceased. *That* particular chain of circumstances had ended. Defendant's car was not blocking the road or shoulder. So far as the evidence shows, neither defendant nor any of his passengers was present. There was no emergency at hand and no rescue operation in effect. The persons who were present on the road were nowise directly concerned with the first occurrence. Their presence was not even a part of the *res gestae* of the act of defendant in his driving, and their presence on the road in front of the plaintiff was a remote and intervening occurrence which in turn immediately precipitated the action of the plaintiff's driver in going off the road."

The evidence in the case at bar shows that at the time the damage occurred, defendant's car was blocking most of the westbound lane of traffic. Defendant was at the wheel of the car and a rescue operation was under way. When Patrick and the other party guests heard the oncoming defendant Holtkamp approaching the crest of the hill, the following occurred among those directly concerned with the first occurrence: Mary Jane remained in the car behind the steering wheel; Patrick left the car and went up the hill on the north shoulder, waving his arms; another person, George Sherman, ran up the hill on the south shoulder, waving a flashlight. When the rest realized the oncoming car was not going to stop, they got out from behind the car and crossed the highway to Edelen's yard. Defendant Holtkamp testified he was traveling at a speed of 40 to 45 miles an hour, and when he topped the hill he saw "a car was partially blocking my line of traffic and there were some people around it." He testified he put on his brakes but couldn't stop in time, so he swerved to the left to keep from hitting the people around the car. He lost control of his car and struck the house. Quoting from Floyd v. St. Louis Public Service Co., Mo.Sup., 280 S.W.2d 74, 78:

"Generally, it is sufficient to constitute proximate cause that the negligence charged was the efficient cause which set in motion the chain of circumstances leading up to the injury. The test is not whether a reasonably prudent person would have foreseen the particular injury but whether, after the occurrences, the injury appears to be the reasonable and probable consequences of the act or omission of the defendant. The negligence of the defendant need not be the sole cause of the injury. It is sufficient that it be one of the efficient causes thereof, without which the injury would not have resulted. A party is held liable if his negligence, combined with the negligence of others, results in injury to another." (Citing cases).

See, also, Thebeau v. Thebeau, Mo. Sup., 324 S.W.2d 674, 678.

Does not an approaching automobile running off the road and causing injury or damage appear to be the reasonable and probable consequence of Patrick having carelessly backed the automobile into the ditch at 1:30 in the morning, near the crest of a hill, in such a manner as to partially block the highway and necessitate rescue operations? The trial court sitting as Jury, so found it to be and so do we, as we review the evidence and give due regard to the trial court's opportunity to judge the credibility of the witnesses. Supreme Court Rule 73.01, V.A.M.R.; Section 510.310 RSMo 1959, V.A.M.S.

Defendant's final contention is that even if defendant Sullivan was negligent, so was defendant Holtkamp; therefore, the trial court's finding that defendant Holtkamp was not negligent deprived defendant Sullivan of her right to contribution. The short answer to this is the trial court did not err in finding in favor of defendant Holtkamp. Defendant Sullivan's witnesses testified that defendant Holtkamp was traveling at a high rate of speed, 60 to 70 miles an hour. She relies on this to prove his alleged negligence. However, defendant Holtkamp testified he was driving 40 to 45 miles an hour, thus producing a sharp conflict between defendant Holtkamp and the other witnesses as to his speed. In such an instance we defer to the finding of the trial court. In re Petersen's Estate, Mo. Sup., 295 S.W.2d 144, 148; Listerman v. Day & Night Plumbing & Heating Service, Inc., Mo.App., 384 S.W.2d 111, 120.

We concur in the finding and judgment of the trial court. The judgment is affirmed.

RUDDY, P. J., and ANDERSON, J., concur.

WOLFE, J., not participating.