STATE ex rel. MID–AMERICA PIPELINE
COMPANY, a Corporation, Relator,

v.

James S. ROONEY, Judge of Division Num-
ber.One of the Circuit Court of Clay
County, Missouri, Respondent.

No. 24303.

Kansas City Court of Appeals.

Missouri.

Dec. 6, 1965.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 7, 1966.

Robert E. Coleberd, Hale, Coleberd, Kincaid & Waters, Liberty, for relator.

Sevier & Turnage, by Robert Sevier, Liberty, for respondent.

HOWARD, Judge.

This is a proceeding on an original petition for writ of prohibition filed in this court. A suit was filed in the Circuit Court of Clay County, Missouri, by Wade Shanks, as plaintiff, against Mid-America Pipeline Company, a corporation, as defendant, seeking damages for injuries to plaintiff's land and property occasioned by the construction of a pipeline by defendant across plaintiff's land. The relator, defendant below, had theretofore condemned a right-of-way for such pipeline across plaintiff's land, and in such condemnation proceedings, it was recited that relator covenanted "to pay seperately to (plaintiff below) present or future damages, if any, caused to crops, fences, grasses, surface of land or other property belonging to (plaintiff below), if such damage result from the construction, operation or maintenance of said pipelines."

In the suit below the plaintiff Wade Shanks served upon relator, defendant below, 21 interrogatories, some of which contained sub-divisions, consisting of a total of 39 questions, calling for answers giving detailed information as to the time, place and manner of entering upon plaintiff's property, excavating and constructing the pipeline, and the nature and description of equipment used in such construction. Relator filed its answer under oath to all the interrogatories, as follows:

"That defendant employed the Williams Brothers Company, a corporation, as an independent contractor to construct the pipe line across plaintiff's farm; that as such, said Williams Brothers Company constructed said pipe line using its own equipment and crew; that this defendant did not have any part nor did it supervise or direct the construction of said pipe line across plaintiff's farm, and does not have any information or knowledge in regard to said construction of said pipe line

which would enable it to answer plaintiff's interrogatories heretofore submitted."

Thereafter, plaintiff filed a "Motion to Compel Answers to Interrogatories" claiming that the above quoted answer was inadequate and amounted to no answer at all. Such motion to compel answer was sustained by the trial court, and relator here is seeking our writ of prohibition to prohibit enforcement of such order. Relator contends that the order requiring further answers to the interrogatories is in excess of the trial court's jurisdiction because (1) the interrogatories call for information not available to the corporate relator, but which is within the knowledge of the contractor who constructed the pipeline under contract with relator, and who is not an agent of relator; (2) that relator has no means of obtaining answers to the interrogatories, and (3) that if the relator is compelled to answer such interrogatories, such answers would constitute hearsay and relator should not be required to give an answer, under oath, based on hearsay.

Thus we have a situation where the interrogated party has answered under oath that the work about which the interrogatories inquired was performed by another corporation under contract and not by the party to the litigation. The corporate party to the litigation has answered under oath that it "does not have any information or knowledge in regard to said construction". The question for our determination is whether or not the trial court is exceeding its jurisdiction in ordering, and attempting to enforce its order, that relator answer such interrogatories.

Civil Rule 56.01 V.A.M.R. provides that interrogatories to a corporate party shall be answered "by any officer or agent, who shall furnish such information as is *available* to the *party*" (emphasis supplied). We must therefore determine whether or not the information required to answer the interrogatories "is available" to the corporate relator within the meaning of this rule.

■ The truthfulness of the answer given by relator is not controverted by the pleadings in this case, and therefore we will assume that it is true. State ex rel. McCubbin v. McMillian, Mo.App., 349 S.W.2d 453. Respondent contends that corporate relator in the condemnation of its right-of-way in effect assumed a nondelegable duty to compensate plaintiff below for damages to his property, resulting from the construction of the pipeline along such right-of-way; that relator can not escape such liability by contracting with another for the construction of the pipeline and that, therefore, the Williams Brothers Company can not be an independent contractor, but must be an agent of and under the control of relator. Relator counters that Williams Brothers is, in fact, an independent contractor and not an agent and not under the control of relator. We do not believe that the issue thus presented, and the arguments in support thereof, are determinative of this action, and, therefore, we will make no attempt to determine which brand should be placed on the Williams Company. We are not now dealing with a question of relator's liability for any damage that may have been done or with an attempt by relator to avoid such liability. Our only concern is with a question as to the proper scope of discovery and this issue must be determined by the fact situation presented and not by the label stamped upon the Williams Company.

The parties have not cited, and independent research by the writer has not revealed, any Missouri case which would govern the determination of the question here presented. In this situation and since our present rules of discovery, and particularly Civil Rule 56.01 relating to interrogatories, are based upon and taken from the Federal Rules of Civil Procedure, decisions by the federal courts construing their rules may be persuasive even though not controlling. It should be noted that the applicable provisions of our Civil Rule 56.01 are identical with Federal Rule 33.

No federal case has been found which would conclusively rule the point in question, but we do believe that the principles enunciated in the cases hereinafter discussed lead to the correct conclusion. In the case of Galanos v. United States, D. C., 27 F.Supp. 298, cited by relator, the suit was against the government on a policy of G.I. insurance. It actually involved a request for the production of documents rather than answers to interrogatories. The court held that the government must produce records of certain VA hospitals concerning the plaintiff, but that since the government did not control private corporations which had employed the plaintiff, from time to time, during the period in question, it could not be required to produce the employment records of such private corporate employers. It appeared that the government did in fact have either copies of such records, or information contained in such records, but the court did not require the government to supply such information.

In Riley v. United Air Lines, Inc., 32 F. R.D. 230, (D.C.1962), the suit was for damages for the death of a passenger, and the Air Line Company had answered interrogatories by stating that it had "no knowledge" of the facts inquired about because the crew of the plane had died in the crash. In considering a motion to require additional or further answers to interrogatories the court said: "These answers make it reasonably clear that by 'knowledge' defendant refers to direct personal knowledge of living employees, and that defendant intends to exclude information which it has obtained from third persons." The court pointed out that in answering interrogatories the party is required to give any information that it has regardless of whether such information comes from the personal knowledge of its officers, agents or employees, or whether such information has been secured by it as the result of investigation, or otherwise, from third parties. The court said: "In this situation, defendant should furnish whatever information it now has, regardless of when or from whom it acquired it. * * * If no one under defendant's control now has any information from any source as to a particular interrogatory, defendant may so state under oath, and such a statement shall be a sufficient answer."

In Greenbie v. Noble, D.C., 18 F.R.D. 414, the interrogatories sought information from the records of a subsidiary corporation of Sears Roebuck & Company. The court said: "Hence, all that remains is the factual question of whether or not Sears can obtain the information from sources under its control. If it cannot furnish the information sought, Sears should so state under oath." In Hornung v. Eastern Auto. Forwarding Co., D.C., 11 F.R.D. 300, the court said: "A corporation cannot avoid answer by an allegation of ignorance, if it can obtain the information from sources under its control, although it may qualify its answers to show its source in order to avoid admission of something which it does not admit."

In Stanzler v. Loew's Theatre & Realty Corporation, D.C., 19 F.R.D. 286, the court said: "[A] party is entitled to compel his adversary to make a full disclosure of all facts which the latter has learned which are relevant to the subject matter of the pending action and are unprivileged." However, with regard to interrogatories concerning actions by "any subsidiary or affiliated corporation" the court held that the corporate party could not be compelled to undertake an investigation into the internal affairs of any other corporation. The same result was reached in Savannah Theatre Company v. Lucas & Jenkins, D.C., 10 F.R.D. 461.

From these federal cases it would appear that if the corporate relator does, in fact, have any information (regardless of the source of the information) it must supply the same in answer to interrogatories calling therefor. However, the corporation can not be required to make investigation

and secure information from sources not under its control. The courts also point out that if the information supplied in answer to interrogatories is based on hearsay the corporation can qualify its answer by specifying the source so as to avoid admitting something that it does not, in fact, admit.

■ Thus it would appear in the present case that relator would be required to answer the interrogatories propounded, by giving all information that it might have secured from whatever source concerning the activities inquired about in the construction of the pipeline. However, the answer to the interrogatories, under oath, states that the relator "does not have any information or knowledge in regard to said construction". By use of the words "information or knowledge" it would appear that this answer meant not only that the officers, agents and employees of the corporation had no personal knowledge (this because the work was done by Williams Brothers and not by relator) but also that the corporation (its officers, agents or employees) had not, in any way, secured any information from Williams Brothers or its officers, agents or employees as to the facts surrounding the construction of the pipeline, which would be relevant in answering the interrogatories.

■ If this is a reasonable construction of the answer filed by relator, and we believe that it is, then the trial court has exceeded its jurisdiction in requiring further answer to the interrogatories and in threatening to enforce such order, because Williams Brothers is not a party to the litigation below and from relator's answer to the interrogatories, which is not contradicted, it appears that the information necessary to answer the interrogatories is not available to relator. Relator could only make further answers to the interrogatories by interviewing the officers and employees of Williams Brothers or by

making an investigation into their books and records. The court can not properly require a party to conduct such an investigation and any attempt to do so is in excess of the jurisdiction of such court.

■ It should be noted that relator's contention that it is entitled to our writ of prohibition because its answers to the interrogatories would be based on hearsay is not tenable. As noted above, in such situation the answer can include the source from which the information is acquired and thus avoid any binding admission. The older Missouri cases, denying a right to discover where answers would be based on hearsay, are not in point because they were decided under a provision limiting discoverable information to that which would be admissible in evidence. Under our present rules, discovery can properly be had of information "reasonably calculated to lead to the discovery of admissible evidence."

■ Respondent asserts that since the trial court has already issued its order there is nothing upon which our writ of prohibition can act, and, therefore, the writ should not issue. This does not follow because, although the order has issued, it appears that answers have not been made and our writ may properly go to the enforcement of such order. Where the action of the court below is not complete and something remains to be done to effectuate the order of the trial court, the writ will lie to prohibit the doing of that which remains to be performed. See State ex rel. Ellis v. Creech, 364 Mo. 92, 259 S.W.2d 372 and State ex rel. Siegel v. Strother, 365 Mo. 861, 289 S.W.2d 73. Further it has long and often been held that prohibition is the proper remedy where the trial court has improperly required discovery to be made. Among the many cases on such point, see: State ex rel. Williams v. Buzard, 354 Mo. 719, 190 S.W.2d 907; State ex rel. Kansas City Public Service Co. v. Cowan, 356 Mo.

674, 203 S.W.2d 407; State ex rel. Terminal R. Assn. of St. Louis v. Flynn, 363 Mo. 1065, 257 S.W.2d 69; State ex rel. Headrick v. Bailey, 365 Mo. 160, 278 S.W.2d 737.

■ It is also strongly contended by respondent that the matter of requiring further answers to interrogatories rests within the discretion of the trial court and prohibition will not lie to control such discretion. Since Civil Rule 56.01 requires that a corporate party answer interrogatories only where the information necessary for such answer is "available" to such party and since we have found that in this instance the information necessary to answer the interrogatories is not "available" to relator, it follows that the matter is not within the discretion of the trial court and that the order requiring answer is in excess of the trial court's jurisdiction.

■ It appears that through inadvertence Wade Shanks, plaintiff below, and the party to be affected by our writ, has been named as a party respondent in this proceeding. This is in error. State ex rel. Carney v. Higgins, Mo., 352 S.W.2d 35, 100 A.L.R.2d 687, and State ex rel. Book v. Goodman, 364 Mo. 485, 263 S.W. 2d 409. Therefore, as to Wade Shanks our preliminary writ is discharged and his name is stricken from the caption of the case.

For the reasons expressed in the foregoing opinion, as to respondent James S. Rooney, Judge of Division Number One of the Circuit Court of Clay County, Missouri, our preliminary writ of prohibition heretofore issued is made absolute.

CROSS, P. J., and FRANK W. HAYES, Special Judge, concur.

BLAIR, J., not participating.