STATE of Missouri ex rel. Mary Ann WOODS, Relator,

v.

Honorable Robert J. KIRKWOOD, Judge of the Circuit Court of the City of St. Louis, Division No. 1, Respondent.

No. 32922.

St. Louis Court of Appeals.

Missouri.

Feb. 20, 1968.

Motion for Rehearing or Transfer to Supreme Court Denied March 21, 1968.

George T. Williams and Cyril J. Clancy, Clayton, for relator.

W. W. Sleater, St. Louis, for respondent.

CLEMENS, Commissioner.

This original proceeding in prohibition brings up this question: Is a defendant who has been sued for property damages to plaintiff's automobile entitled to inspect the plaintiff's automobile insurance policy to find out whether it is the plaintiff or her insurer who is the real party in interest? We thought not when the plaintiff-relator filed her petition here and we granted our preliminary writ to prohibit the respondent judge from forcing her to produce the policy for defendant's inspection. Now the issue has been briefed, argued and considered, and we hold to our original decision.

The background: Plaintiff-relator Mary Ann Woods sued defendant Wesley Rogers for $400 damages to her automobile. Defendant Rogers, suspecting Miss Woods might not be the real party in interest, filed interrogatories delving into her financial interest in the case. To Interrogatory No. 57 Miss Woods answered that her insurer, State Farm Mutual Automobile Insurance Company, had paid the $337.86 repair bill "less $50.00 deductible." Answering Interrogatory No. 58–A about what papers she had signed regarding her loss, Miss Woods attached a copy of an itemized repair bill showing she had authorized her insurer to pay the bill directly to the repair shop. Interrogatory No. 58–B asked, "Have you made an assignment of your claim for damages?" Miss Woods answered no.

Apparently dissatisfied with all this, defendant Rogers then moved for an order to inspect Miss Wood's policy. The respondent judge granted the order, but before its effective date plaintiff-relator Woods applied for—and we granted—a preliminary writ of prohibition. By the respondent judge's return to the writ he justified his jurisdiction to order Miss Woods to produce her policy for defendant's inspection on the ground it would lead to discovery of evidence about whether Miss Woods or her insurer was the real party in interest. He relied on Steele v. Goosen, Mo., 329 S.W. 2d 703 [11], and Ewing v. Pugh, Mo.App., 420 S.W.2d 14 [3]. Those cases hold that where an insured, upon payment of loss by his insurer, *executes an assignment* of his cause of action to his insurer, the insured is no longer the real party in interest. Replying to the judge's return, the relator said that by her answers to defendant's interrogatories she had already denied executing an assignment, and that producing her policy would show the limits of liability insurance coverage; that compelling her to do so would be contrary to the prohibition case of State ex rel. Bush v. Elliott, Mo. (banc), 363 S.W.2d 631.

In the Elliott case the plaintiff's interrogatories asked for the name of defendant's insurance carrier and a copy of the policy. The defendant conceded plaintiff's right to the name of his insurer but objected to producing the policy because that would disclose the limits of liability. The Supreme Court granted prohibition on the ground that compelling the defendant to produce the policy would disclose other information having no bearing on the merits of the case. (363 S.W.2d 1. c. 634 [4].)

■ That is also true here. The essential question about the real party in interest is whether the plaintiff *has assigned* her cause of action to her insurer. (See Hayes v. Jenkins, Mo.App., 337 S.W.2d 259 [2–6], and Bauer v. Holtkamp, Mo.App., 389 S.W. 2d 850 [1].) By answers to previous interrogatories she swore she had not. Sub-

rogation provisions of plaintiff's insurance policy would bear only indirectly, if at all, on the *fact* of assignment. The respondent judge, in order to give the defendant access to that incidental information, would compel disclosure of the entire policy. Under the Elliott case, supra, that exceeds his jurisdiction. It follows that our preliminary rule should be made absolute.

■ This opinion should not be interpreted as denying the defendant all information about the plaintiff's insurance policy under all circumstances. If he can show good cause for belief that the policy does contain provisions bearing directly on the question of the real party in interest, the trial court would be justified in ordering production for inspection under a protective order limiting inspection to relevant parts of the policy. (Civil Rules 58.01, 57.01(c), V.A.M.R.; and compare Julius Hyman & Co. v. American Motorists Ins. Co., USDC, Colo., 17 Federal Rules Decisions 386.)

■ Costs herein are taxed against Wesley Rogers, defendant in the trial court who initiated the discovery proceeding there but who failed here to sustain the trial court's ruling. Section 530.070, V.A.M.S.; State ex rel. Burtrum v. Smith, 357 Mo. 134 (banc), 206 S.W.2d 558 [7–9].

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, the preliminary rule in prohibition is made absolute. Costs are taxed against Wesley Rogers in the case styled Mary Ann Woods, Plaintiff, v. Wesley Rogers, Defendant, No. 77243–E, pending in the Circuit Court of the City of St. Louis, Missouri.

ANDERSON, P. J., WOLFE, J., and GEORGE W. CLOYD, Special Judge, concur.