STATE of Missouri ex rel. O. L. ISBELL,
Administrator of the Estate of Karen A.
Swindler, Deceased, Relator,

v.

The Honorable Hereford A. KELSO, Judge
of the Circuit Court of Cedar County,
Missouri, Respondent.

No. 8935.

Springfield Court of Appeals.

Missouri.

May 22, 1969.

Farrington, Curtis & Strong, Thomas Strong, Springfield, for relator.

No appearance for respondent.

PRELIMINARY WRIT OF PROHIBITION MADE ABSOLUTE

TITUS, Judge.

The preliminary writ which was issued and duly served in this original proceeding in prohibition commanded respondent, inter alia, to appear before this court on May 19, 1969, and show cause, if any, why the preliminary writ of prohibition should not be made permanent. Respondent has not made a return to the prelimi-

nary order nor directed a motion to the petition for the writ within the time specified. Consequently, we deem all material matters set forth in relator's petition to be confessed and admitted. State ex rel. McCubbin v. McMillian, Mo.App., 349 S. W.2d 453, 455(2); Rules 97.02 and 97.03; §§ 530.040 and 530.050. (All references herein to rules and statutes are to Missouri Supreme Court Rules of Civil Procedure, V.A.M.R. and to RSMo 1959, V.A.M.S.)

Relator is the administrator of the estate of Karen A. Swindler, deceased, and one of three defendants named in a bipartite petition filed by Mary Jane Miller (plaintiff) in the Circuit Court of Cedar County. Respondent is the Judge of that court. Count I of the petition is a $50,000 claim against relator and Maxie Moore (Moore) for the wrongful death of plaintiff's minor daughter allegedly caused by the collision of a vehicle driven by Moore with one operated by relator's decedent in which plaintiff's daughter was riding as a passenger. In Count II of her petition, plaintiff avers that Moore and the automobile he was driving were uninsured, and seeks to collect from State Farm Mutual Automobile Insurance Company (State Farm) the $10,000 uninsured motorist coverage afforded by the liability insurance policy which State Farm had issued to plaintiff.

Pursuant to Rule 56.01, State Farm propounded to relator written interrogatories, two of which are:

"2. At the time of the accident described in plaintiff's petition, was Karen A. Swindler an insured under a policy of liability insurance issued by M. F. A. Mutual Insurance Company of Columbia, Missouri? [MFA]

"3. If your answer to interrogatory number 2 above is affirmative, please attach a copy of said policy to your answers to these interrogatories."

Respondent overruled relator's objections to the interrogatories, denied his request for a protective order [Rule 57.01(c)] that he be required to disclose only the uninsured motorist coverage provisions of MFA's policy, and ordered relator to answer the interrogatories within ten days. Thereafter, upon relator's petition (Rule 97.02), we granted our preliminary writ to prohibit respondent from compelling relator to answer interrogatory number 3.

■ Whether insurance policy terms and limits are subject to discovery has given rise to a farrago of decisions in the Federal and State courts. See annotations in 13 A.L.R.3d, pp. 822–843, and 41 A.L.R. 2d, pp. 968–970; 4 Moore's Federal Practice, § 26.16[3], pp. 1188–1192. However, our task is not to catalog or undertake to explain the "irreconcilable conflicts" in the cases, but simply to apply the Missouri rule "that unless the matter sought is admissible in evidence, or is likely to lead to admissible evidence, discovery is not permitted even though the information sought might aid the inquiring party in preparing for trial." State ex rel. Bush v. Elliott, Mo. (banc), 363 S.W.2d 631, 636(7).

The suggestions filed in opposition to relator's petition took for granted that Karen A. Swindler was an insured of MFA and that MFA provided uninsured motorist coverage, and endeavored to justify respondent's order compelling relator to answer interrogatory number 3 in the following fashion: State Farm's uninsured motorist coverage with respect to an insured while occupying an automobile not owned by a named insured of State Farm, applies only as excess insurance over any other similar insurance available to such occupant, and then only in the amount by which the applicable limit of State Farm's coverage exceeds the sum of the applicable limits of liability of all other such insurance; since plaintiff's daughter was not occupying a vehicle owned by a named insured of State Farm at the time of the casualty, MFA's uninsured motorist coverage would be primary, State Farm would be liable only for that portion of its cov-

erage which exceeds MFA's coverage, and if MFA's and State Farm's liability limits are the same, State Farm would have no liability to plaintiff under its contract in any amount; therefore, the limits and terms of MFA's uninsured motorist coverage are relevant and material to the issues in Count II of the petition and interrogatory number 3 is proper because it either seeks information admissible in evidence or is likely to lead to admissible evidence.

■ If, in fact, the provisions and legal effect of the two insurance contracts are as they have been represented, then it would seem that the terms and limits of MFA's policy, *only in so far as they pertain to uninsured motorist coverage,* may contain admissible evidence or may provide information reasonably calculated to lead to the discovery of evidence admissible to prove issues involved in Count II of the petition. State ex rel. Bush v. Elliott, supra, 363 S.W.2d at 633(1). But the discovery which interrogatory number 3 seeks and respondent's order requires is not limited to such matters. Sans prohibition, respondent's order would extract from relator an answer (the original of which would be filed in court for all the world to see) which would disclose the *entire* contents of MFA's policy, reveal all the limits of MFA's liabilities, and bare other information having absolutely no bearing on the merits of the case. State ex rel. Bush v. Elliott, supra, 363 S.W.2d at 634(4); State ex rel. Woods v. Kirkwood, Mo.App., 426 S.W.2d 690, 691–692(1). While it is true that insurance policies have been held to be a proper subject of discovery if their contents tend to establish or prove justiciable issues [e.g. State ex rel. Cummings v. Witthaus, 358 Mo. (banc) 1088, 1096–1097(8), 219 S.W. 2d 383, 389(18), 8 A.L.R.2d 1124; Christie v. Board of Regents of University of Michigan, 364 Mich. 202, 111 N.W.2d 30, 31(1)], there appears no justification in this case to compel relator to disclose his entire policy when the involved issues relate to only certain portions of the contract.

■ We hold that respondent exceeded his jurisdiction by ordering relator to answer interrogatory number 3 and thereby requiring him to expose the entire contents of his policy. Prohibition is the proper remedy to restrain the enforcement of orders beyond or in excess of the authority of a Judge [state ex rel. Riggs v. Seehorn, 344 Mo. (banc) 186, 187(3), 125 S.W.2d 851, 852(3); State ex rel. Gulf Oil Corporation v. Weinstein, Mo.App., 379 S.W.2d 172, 175(2)], and where, as here, the matter is clear and there appears no need for further proceedings at a later time, an immediate absolute rule in prohibition may issue. State ex rel. Houser v. Goodman, Mo.App., 406 S.W.2d 121, 127, and authorities there cited in footnote 9. Therefore, an immediate absolute rule in prohibition is ordered.

Our action is not to be interpreted as denying State Farm all information concerning relator's insurance policy under all circumstances. If State Farm can, through proper interrogatories under Rule 56.01 or by proceeding under Rule 58.01, show good cause for believing that relator's policy does contain provisions bearing directly upon proof of issues and defenses relative to Count II of the petition, respondent would be justified in ordering interrogatory answers or production of the policy under a proper protective order [Rule 57.-01(c)] which would limit answers or inspection to relevant portions of the policy. State ex rel. Woods v. Kirkwood, supra, 426 S.W.2d at 692(2).

■ The costs herein are taxed against State Farm which initiated the discovery and failed here to sustain respondent's ruling. Rule 57.05; § 530.070; State ex rel. Warmuth v. Campbell, Mo.App., 431 S.W. 2d 683, 686; State ex rel. Woods v. Kirkwoods, supra, 426 S.W.2d at 692(3).

HOGAN, P. J., and STONE, J., concur.