**STATE of Missouri ex rel. THOMASVILLE WOOD PRODUCTS, INC., Relator,**

v.

**Winston V. BUFORD, Judge of the Circuit Court of Oregon County, Missouri, Respondent.**

**No. 9594.**

Missouri Court of Appeals, Springfield District.

May 22, 1974.

John C. Holstein, Moore & Brill, West Plains, for relator.

Harold L. Henry, West Plains, for respondent.

### PER CURIAM.

We issued a preliminary writ of prohibition in restraint of an order issued by the Honorable Winston V. Buford, Judge of the Circuit Court of Oregon County, Missouri (hereinafter respondent), sustaining a motion by Ronald B. Edwards, coplaintiff in the underlying action styled Ronald B. Edwards and Pearl Edwards his wife v. Thomasville Wood Products, Inc., No. 4892, pursuant to Rule 58.01,[1] to produce certain documents, papers and accounts held by the defendant (hereinafter relator) in the above styled case. Subsequent to the issuance of the preliminary writ, respondent's return and relator's reply were timely filed. Thereafter, relator's motion for judgment on the pleadings was filed and overruled by this court. We must now decide whether to quash or make permanent the preliminary writ, either all or in part.

Motions to produce for inspection are liberally construed, and the trial judges of this state are vested with broad discretion in ruling on such. Gantz v. American National Bank, 420 S.W.2d 8, 11 [2] (Mo.App.1967). Issuance of a writ of prohibition is discretionary; it is not a writ of right. State ex rel. Lucas v. Moss, 498 S.W.2d 289, 290 (Mo. banc 1973). We reaffirm the rule that the writ may not be utilized to infringe upon or direct a trial court's discretion. State ex rel. Kubatzky v. Holt, 483 S.W.2d 799, 803 [6] (Mo. App.1972); State ex rel. Norfolk and Western Ry. Co. v. Dowd, 448 S.W.2d 1, 4 [3] (Mo. banc 1969). A presumption of right action is afforded respondent, and relator has the burden of establishing that respondent acted improperly. State ex rel. Boswell v. Curtis, 334 S.W.2d 757, 761 [11] (Mo.1960). Notwithstanding the foregoing principles, prohibition is the proper remedy where a trial court has ordered discovery and such order "exceeds its jurisdiction" [State ex rel. Kubatzky v. Holt, supra, 483 S.W.2d at 803 [6]; State ex rel. Isbell v. Kelso, 442 S.W.2d 163, 165 [4] (Mo.App.1969)] or is an abuse of dis-

1. All references to rules are to Missouri Rules of Civil Procedure, V.A.M.R., and all statutory references are to RSMo 1969, V.A.M.S.

cretion [State ex rel. Danforth v. Riley, 499 S.W.2d 40, 42 [5] (Mo.App.1973).[2]

▆▆ In our inquiry into the propriety of relator's action, we are guided by the postulate that in original prohibition proceedings such as this, our task is to determine whether the documents, papers and accounts are relevant and material to the subject matter of the pending action or are reasonably calculated to lead to the discovery of admissible evidence. Rules 58.01 and 57.01; State ex rel. Bush v. Elliot, 363 S.W.2d 631, 633 [1] (Mo. banc 1963). The evidence sought need not necessarily, standing alone, be competent or relevant. The simple test is whether such evidence tends to prove an issue. State ex rel. Boswell v. Curtis, supra, 334 S.W.2d at 760 [5].

Respondent's order sustained in entirety plaintiff Ronald B. Edwards' motion to produce which designated the following documents, papers and accounts:

1) Original Articles of Incorporation and Certificates of Incorporation and any Amendments thereto.

2) Corporation stock book (Corporation book showing how and to whom certificates of stock have been issued).

3) Corporation minutes book (Book which shows minutes of all meetings of Directors and Shareholders of the corporation since incorporation).

4) Corporation account records (Records of all assets owned and held by the corporation, including insurance policies and all liabilities of the corporation).

5) Corporation bank records and checking records.

6) Corporation payroll records and records as to number of employees on May 30, 1972, including employer's Quarterly Federal Tax Return, Form 941, for all four quarters in 1972.

7) Copy of the last or latest Federal Income Tax Return of the corporation.

8) Corporation records as to all fiscal transactions by the corporation since incorporation.

The record before us contains the pleadings in which plaintiffs allege that on or about the middle of May 1972 relator was a Missouri corporation engaged in the manufacture of wooden posts; that on that date plaintiff Ronald B. Edwards was employed by relator; that said plaintiff sustained serious and permanent injuries (primarily total blindness); that plaintiff Pearl Edwards was thereby denied the consortium of her husband; and that the injuries were occasioned proximately by the negligence of relator, as outlined in three respects.

▆ In its answer relator admits that it is a Missouri corporation and that it manufactures wooden posts; denies the employment relationship; denies all allegations of negligence and injury; and pleads contributory negligence as an affirmative defense.

Respondent defends his action by maintaining that the documents are relevant or are calculated to lead to discoverable evidence because, subsequent to the issuance of the preliminary writ, plaintiff Robert B. Edwards had made a motion to add the individual shareholders of relator corporation as parties defendant, thereby attempting to "pierce the corporate veil." Such an endeavor, respondent contends, is predicated on previous discovery which strongly indicates a gross inadequacy of capitalization. In addition, based on a letter from the Division of Workmen's Compensation which advised that relator was not a quali-

2. For other prohibition cases besides those cited herein reviewing the propriety of trial court action requiring discovery see State ex rel. Mueller v. Dixon, 456 S.W.2d 594 (Mo. App.1970), and State ex rel. Mid-America Pipeline Co. v. Rooney, 399 S.W.2d 225, 19 A.L.R.3d 1126 (Mo.App.1965). And see note, 35 Mo.L.Rev. 533 (1970), and cases compiled at 536, n. 22.

fied self-insurer on May 30, 1972, and relator's sworn answer to an interrogatory that he was such, a strong possibility exists that relator has failed to comply with § 287.280 which establishes an employer's duty to carry insurance or qualify as a self-insurer. We decline,. however, to premise or test the relevancy and materiality—hence, the discoverability—of the hereinbefore designated documents, papers and accounts as they might pertain to proposed or hypothetical issues.

 The question we must answer is whether these documents, papers and accounts tend to prove an issue as engendered by the presently filed pleadings. With one exception of "(6) Corporation payroll records and records as to number of employees on May 30, 1972, including employer's Quarterly Federal Tax Return, Form 941, for all four quarters in 1972," we find and so rule that they do not. Information relating to the financial resources of the relator, of course, has no connection with the determination of the instant underlying action on its merits. 31A C.J.S. Evidence § 177; State ex rel. Woods v. Kirkwood, 426 S.W.2d 690 (Mo. App.1968). In regard to producing insurance policies, by answer to previous interrogatories relator swore that it was an authorized self-insurer under the Workmen's Compensation Act; hence, whatever policies may exist besides a Workmen's Compensation policy obviously have no pertinence to the underlying case.

However, in regard to discovery of category (6), as denominated above, production of these records would tend to prove that an employer-employee relationship existed between plaintiff Robert B. Edwards and relator on the date of the occurrence. In its answer, relator denies that such relationship existed. Therefore, we find and so rule that respondent properly ordered production of said documents. State ex rel. Cummings v. Witthaus, 358 Mo. 1088, 219 S.W.2d 383, 388 [14, 15], 8 A.L.R.2d 1124 (banc. 1949).

S.W.2d 383, 388 [14, 15], 8 A.L.R.2d 1124 (banc. 1949).

In accordance with the foregoing, we order the preliminary writ made absolute as to all of the hereinbefore denominated documents listed in plaintiff's motion to produce, save only category (6) as to which the preliminary writ is quashed.

All concur.