STATE of Missouri ex rel. TRANSIT CASUALTY COMPANY, a corp., Relator,

v.

Theodore McMILLIAN, Presiding Judge of the Circuit Court of the City of St. Louis, Respondent.

No. 48617.

Supreme Court of Missouri,

En Banc.

Sept. 11, 1961.

Donald W. Bird, St. Louis, for relator.

Donald S. Hilleary, St. Louis, for respondent.

PER CURIAM.

This is an original proceeding in prohibition. Relator, Transit Casualty Company, seeks to prevent respondent from requiring the relator, as defendant, to answer thirteen interrogatories submitted to it by plaintiff in a certain cause pending before respondent in the Circuit Court of the City of St. Louis, which cause is entitled Theodore Triplett, Plaintiff, vs. St. Louis Public Service Company, a corporation, and Transit Casualty Company, a corporation, Defendants. Respondent will enter an order requiring said defendant (relator here) to answer each of said interrogatories unless prohibited by this Court.

Interrogatories submitted under Supreme Court Rule 56.01, V.A.M.R., "may relate to any matters which can be inquired into under Rule 57, and the answers may be used to the same extent as provided in Rule 57 for the use of the deposition of a party. * * * The provisions of Rule 57.01(c) are applicable for the protection of the party from whom answers to interrogatories are sought under this rule." And see Rule 57.01(b).

Relator objects to each of the thirteen interrogatories in question here on the ground that, "said interrogatories call for improper, irrelevant, immaterial and privileged information; that the questions themselves are unclear, unintelligible and vague, are not specific and definite, seek information not in contemplation of or within the scope of Rule 56.01 or 57.01 of the Rules of Civil Procedure * * * and constitute an harassment and an unconstitutional search and seizure and assume facts and circumstances outside the scope of the pleadings." In addition, relator reviews and complains in detail of each of the mentioned interrogatories.

After a careful consideration of each of the interrogatories and the contentions of the respective parties with reference thereto, we have reached the conclusion that respondent is without jurisdiction to require relator to answer twelve of the questioned interrogatories. Only Interrogatory No. 18 should be answered and even that conclusion was reached by giving full deference to the trial court's proposed ruling. This Court has further reached the conclusion that all of the interrogatories, except No. 18, are so improper, indefinite and inadequate as not to justify extended treatment in an opinion of this Court or a detailed construction of the applicable court rules with reference thereto.

Apparently very little intelligent effort was expended in the drafting of the mentioned interrogatories. Some assume disputed facts which are in issue under the pleadings, and several may properly be referred to as in the class of the question, "Have you stopped beating your wife?" Some ask for information that is so clearly privileged that no discussion is required. Others are so completely indefinite and uncertain that no one should be called upon to determine what was intended. No answer to such questions should be required.

Some are too broad and general to require an answer, and some were admittedly asked for purposes of trial strategy and not for the purpose of discovery. This would be an abuse of interrogatory procedure. In fact, the return of respondent and the exhibits attached thereto show that plaintiff already has the major portion of the information plaintiff apparently seeks. There is no reasonable or valid contention here that an answer to any of the questions, except possibly Interrogatory No. 18, "appears reasonably calculated to lead to the discovery of admissible evidence." Defendant should not be required to answer such interrogatories.

Our provisional rule in prohibition should be made absolute, except insofar as the contemplated order requires an answer to Interrogatory No. 18, and as to that inquiry our provisional rule is discharged.