STATE of Missouri ex rel. GAMBLE CONSTRUCTION CO., Inc., Relator,

v.

The Honorable Michael J. CARROLL, Judge of the Circuit Court, 21st Judicial Circuit, County of St. Louis, State of Missouri, Respondent.

No. 52110.

Supreme Court of Missouri, En Banc.

Nov. 14, 1966.

David L. Millar, Ray E. White, Jr., Stamm, Millar & Neuhoff, St. Louis, Roberts P. Elam, Clayton, for relator.

W. W. Sleater and Suelthaus & Krueger, St. Louis, for respondent.

HYDE, Judge.

Original proceeding in prohibition to prohibit respondent Judge from entering an order striking the pleadings of relator Gamble Construction Company (hereinafter called Gamble) in the case of Fenestra, Inc., against Wagner Electric Corporation (hereinafter called Wagner) and Gamble in the Circuit Court of St. Louis County seeking to enforce a mechanic's lien against real estate of Wagner. By an amended petition Roof Decks, Inc., was made a defendant because it also claimed a mechanic's lien against Wagner as a subcontractor of Gamble, the general contractor. Roof Decks filed a cross-claim for a mechanic's lien against Wagner and for a money judgment against Gamble, with also a second cross-claim against Gamble for nonlienable items. Gamble then filed a cross-claim against Roof Decks for damages for breach of contract plus the amount of any judgment rendered against it in favor of Fenestra over a designated amount. It was stated at the oral argument that all matters had been finally determined except the issues between Gamble and Roof Decks.

Roof Decks filed interrogatories to be answered by Gamble to which Gamble filed objections. The court overruled these objections but made no order requiring Gamble to answer these interrogatories or any of them. Instead Gamble was allowed ten days to seek prohibition. At the same time Roof Decks' motions to strike, for judgment on the pleadings, and to make more definite and certain Gamble's cross-claim against it were overruled. Gamble

did not then apply for prohibition, believing prohibition would not lie against an order overruling its objections to the interrogatories but only to an order requiring it to answer. Thereafter, on Roof Decks' motion to strike for failure to answer interrogatories, the court on March 11, 1966, ordered Gamble's pleadings stricken. This order was set aside and a new order, hereinafter set out, substituted for it on March 17, 1966. On Gamble's application we issued our preliminary rule in prohibition and thereafter when the parties attempted to bring in extraneous issues made the following order: "[T]he issues to be determined by the court are whether the interrogatories of defendant, Roof Decks, directed to defendant, Gamble Construction Company, served and filed on December 28, 1965, are proper interrogatories authorized by Rule 56.01 which the court had jurisdiction to require defendant Gamble Construction Company to answer and whether the court had jurisdiction to enter and order striking the pleadings of Gamble Construction Company when it did not answer said interrogatories."

Gamble claims striking its pleadings would be in excess of respondent's jurisdiction when respondent had made no order requiring it to answer the interrogatories. Roof Decks claims that because Gamble did not answer the interrogatories after its objections had been overruled, and did not seek prohibition within the ten days first allowed, this amounted to a final order to answer and authorized striking its pleadings. However, on March 17, 1966, the court entered the following order: "Order entered herein on March 11, 1966, set aside and vacated on the Court's own motion. Motion of defendant Roof Decks, Inc., to strike pleadings of defendant Gamble Construction Company, Inc., argued on March 11, 1966, taken as submitted; defendant Gamble Construction Company, Inc., granted to and including March 28, 1966, within which to file application to appellate court for writ of prohibition; upon failure of defendant Gamble Construc-

tion Company, Inc., to apply for writ of prohibition within said time, or upon writ of prohibition being denied by appellate court, it is the intention of this Court, 10 days thereafter, to sustain said motion to strike of the defendant .Roof Decks, Inc., unless defendant Gamble Construction Company, Inc., answers the interrogatories of defendant Roof Decks, Inc., within such 10 days."

Rule 56.01 authorizing interrogatories contains no· provisions for enforcement. It only authorizes objections to interrogatories and the determination of objections (considering protection from annoyance, undue expense, embarrassment or oppression) making applicable also the protective orders authorized by Rule 57.01 (c). The enforcement authority comes from Rule 61.01 "upon refusal of a party to answer any interrogatory submitted under Rule 56" after "an order compelling an answer" which may be made on motion of "the proponent of the question." Of course, such an order could be made at the time the court overrules the objections to the interrogatories but that was not done in this case. However, we consider the order of March 17, 1966 to present the same situation as in State ex rel. Transit Casualty Co. v. McMillian, Mo.Sup., 349 S.W.2d 210, 211, which we considered on the court's statement that it "will enter an order requiring said defendant (relator here) to answer each of said interrogatories unless prohibited by this Court." Therefore we hold this case to be properly before us for determination on prohibition.

We rule that Roof Decks' first seven interrogatories are clearly improper, beyond the scope of what is authorized by Rules 56.01 and 57.01 and beyond the jurisdiction of respondent to require to be answered. Roof Decks' brief says: "Perhaps in a deposition, each interrogatory may have been broken up into several questions, so that the information could follow an orderly and logical development, but in an interrogatory each question must be all inclusive as a practical matter, so that the person

answering the same will know what is required." As applied to such interrogatories as Roof Decks' first seven, this is one hundred per cent wrong as shown by the case cited, State ex rel. Hof v. Cloyd, Mo.Sup. Banc, 394 S.W.2d 408, 410, 411, in which we said of a question concerning identity of persons having "relevant knowledge of facts pertaining to the occurrence": "Interrogation is restricted to factual matters. The question would have been objectionable if asked at the taking of a deposition and has no better standing when propounded as an interrogatory. It calls for a conclusion and determination by the party as to what is relevant knowledge or relevant facts. Furthermore, the interrogatory is vague and uncertain. * * * Attorneys experienced in the taking of depositions or the oral examination of witnesses at a trial should have no difficulty in formulating or recognizing proper written interrogatories. Such interrogatories should call for specific relevant facts and not be repetitious. They should not call for opinions or the conclusions of the person interrogated or require him to resort to speculation or conjecture as to what is intended."

■ Roof Decks' first seven interrogatories in this case have all the defects of those in the Cloyd case and more. No. 1 is as follows: "1. Set forth all the facts relied upon to reach the conclusions set forth in Paragraph 2A of your first amended cross-claim against defendant, Roof Decks, and in so doing, identify by part, location, time, and in every other manner of identification, what you are talking about and the name and residence address of each and every person known to you to have observed such fact." Paragraph 2A was: "Failed to use care, skill, reasonable expediency and faithfulness in the performance of said contract." Each of the other six are in the same language, addressed to other paragraphs of Gamble's cross-claim, alleging improper acts or omissions of Roof Decks in its work. Two of them contain additional questions, which might be made proper in separate proper form. Could anyone claim such questions as these seven would be in proper form to be asked in depositions or at a trial? None of them are authorized by our rules for either depositions, examination of witnesses at a trial or interrogatories.

Interrogatory 8, "Describe in detail the alleged 'breach of contract'", asks for legal conclusions and is not a proper interrogatory. Neither is Interrogatory 14 which asks for information necessarily known to Roof Decks. State ex rel. Transit Casualty Co. v. McMillian, Mo.Sup. Banc, 349 S.W. 2d 210. Interrogatories 9 to 13 relate to five separate items of damages alleged in paragraph 3 of Gamble's cross-claim, 3A being "cost of reroofing and repairs to roof $2,264.10." Interrogatory 9 was: "9. Set forth each item of labor and materials referred to in Paragraph 3A. State where such labor was performed, the number of hours worked by each workman, and the rate of pay of each workman and itemize and identify each item of material by name, size, cost, value, and location when installed. Give name and residence address of each person performing any such labor and names and addresses of each person or company supplying material referred to in such allegation." Interrogatories 10, 11 and 12 call for similar information concerning other items of Gamble's cross-claim, except they call for not only "itemization" of all items of cost but also "analysis" thereof, which tends to make these three indefinite and uncertain. Interrogatory 15 is indefinite and uncertain as to what is meant by "each section aforesaid," since there is no previous designation of any "section" in the interrogatories.

■ Gamble says all of these five and also Interrogatories 15 and 16 would require it to interrogate subcontractors who supplied most of the labor and material; and that obtaining this information would require disclosure of the work product of its lawyers which is privileged, citing Hickman v. Taylor, 329 U.S. 495, 512, 513,

67 S.Ct. 385, 91 L.Ed. 451; State ex rel. Miller's Mutual Fire Ins. Assn. v. Caruthers, 360 Mo. 8, 226 S.W.2d 711; State ex rel. Kroger Co. v. Craig, Mo.App., 329 S.W.2d 804. As stated in the latter case (329 S.W. 2d l.c. 809): "[T]he general rule seems to be that the interrogated party should be compelled to answer only as to matters of fact within his knowledge and should not be required to express opinions or to engage in research and compilation of data and information not readily known to him." There is nothing in Gamble's cross-claim or prohibition petition about subcontractors but as to items subcontracted Gamble could so state in answering and give the amount paid to subcontractors for such portions of the work. Roof Decks could then take the depositions of these subcontractors if it desired. At the trial Gamble would have to prove the reasonable value of its labor and material used or that the amount it paid to subcontractors was reasonable for the work done. This would likewise be true of the other items of Gamble's cross-claim inquired about in Interrogatories 10, 11, 12 and 13. Therefore it seems reasonable to require Gamble to give this information.

It is stated in 2A Barron and Holtzoff 321, Sec. 768: "As a general rule a party in answering interrogatories must furnish information which is in his possession and can be given without undue labor and expense. However a party cannot generally be forced to prepare his opponent's case. Consequently interrogatories which require a party to make investigations, research, or compilation of data for his adversary are in many circumstances improper. Thus it has been held that a defendant should give plaintiff relevant facts in his possession but should not be required to enter upon an independent research in order to acquire information merely to answer interroga-tories. A party seeking such information should make his own research. Even if the records containing the desired information are in the possession of the interrogated party, his adversary cannot use interroga-tories to evade the burden of compiling data at his own expense if the records are available for his inspection under Rule 58 or by consent of the interrogated party. But the objection that preparing an answer would require research by the interrogated party is not enough to bar the interroga-tories in every case. In order to justify sustaining of an objection to such an interrogatory, it must be shown that the research is unduly burdensome and oppressive. The party seeking to avoid answering the interrogatories carries the burden of showing that the information sought is not readily available to him and where there is conflict the court will make its own determination as to the cost and inconvenience of answering the interrogatories, rather than relying on bare assertions as to this by the party." Thus the trial court has jurisdiction to determine whether requiring Gamble to answer Interrogatories 9, 10, 11, 12, 13 and 16 (if the improper requirement of analysis in 10, 11, 12 is eliminated) would subject Gamble to annoyance, undue expense, embarrassment or oppression. Therefore, we cannot hold that respondent does not have jurisdiction to require Gamble to answer these interrogatories within a reasonable time.

Our preliminary rule in prohibition is made absolute as to Interrogatories 1 to 8 inclusive and to Interrogatories 14 and 15; and it is discharged as to Interrogatories 9, 13 and 16, and to Interrogatories 10, 11 and 12 except as to the requirement of "analysis."

All concur.