Ralph Earl ARTH, Respondent,

v.

DIRECTOR OF REVENUE, State of
Missouri, Appellant.

No. 68164.

Supreme Court of Missouri,
En Banc.

Jan. 13, 1987.

William L. Webster, Atty. Gen., Melodie
Powell, Richard L. Weiler, Asst. Attys.
Gen., Ninian S. Riley, Robert D. Aulgur,
Sp. Asst. Attys. Gen., Dept. of Revenue,
James A. Chenault, III, Sp. Asst. Atty.
Gen., Jefferson City, for appellant.

Linda Murphy, Clayton, for respondent.

Judith A. Ronzio, James J. Wilson, City
Counselor, St. Louis, for amicus curiae Bd.
of Police Comrs.

PER CURIAM:

This case was transferred here by this
Court from the Eastern District of the
Court of Appeals under authority of Mo.
Const. art. V, § 10. The opinion of Judge
Crist is adopted here, substantially as origi-
nally written in the Court of Appeals, with-
out quotation marks.

The director of the Department of Reve-
nue (Department) appeals from a final or-
der striking the Department's pleadings
and ordering the director to reinstate
Arth's driver license. We reverse and re-
mand.

On April 12, 1984, a patrolman from the
St. Louis County Police Department
stopped Arth. Based on his observations,
the patrolman charged Arth with driving
while intoxicated, a violation of § 577.010,
RSMo 1978. Arth submitted to a chemical
test to determine his blood alcohol content.
The test measured Arth's blood alcohol
content at .17 of one percent by weight.

Because Arth's blood alcohol content ex-
ceeded .13 of one percent, the Department
issued Arth a notice of suspension of his
driver's license, pursuant to § 302.515,
RSMo Cum.Supp. 1984. Arth requested a
hearing to review the Department's deter-
mination, pursuant to § 302.530, RSMo
Cum.Supp. 1984. The hearing officer up-
held the Department's decision to suspend
Arth's license. Arth appealed this decision
to the Circuit Court of St. Louis County for
a trial de novo, pursuant to § 302.535,
RSMo Cum.Supp. 1984.

During pretrial discovery, Arth served
interrogatories upon the director of the De-
partment, seeking information regarding
the background of the arresting officer, the
circumstances surrounding Arth's arrest,
and the functioning of the instrument used
to measure the alcohol in his blood. The
director objected to these interrogatories,

claiming the information was not available to him. The circuit court overruled the director's objections, and ordered the director to answer the interrogatories. The director failed to answer, and the circuit court ordered the Department's pleadings stricken, and fully reinstated Arth's driving privileges.

In his sole point on appeal, the director asserts the trial court abused its discretion and exceeded its jurisdiction by ordering the Department's pleadings stricken as a sanction for failing to answer the interrogatories. The director maintains that answering the interrogatories would require research and investigation of sources beyond his available control. Rule 57.01 provides:

(a) Availability; Procedures for Use. Any party may serve upon any other party written interrogatories to be answered by the party served or, if the party served is a ... governmental agency, by any officer or agent, who shall furnish such information *as is available* to the party. (Emphasis added.)

In the present case, Arth's interrogatories requested information which was not "available" to the director. Chapter 302, RSMo Cum.Supp. 1984 provides a specific and detailed procedure for suspension or revocation of a driver's license. This chapter creates a statutory obligation on the part of law enforcement officers to forward to the Department certain documents relevant to arrests made for alcohol-related traffic offenses. § 302.510, RSMo Cum. Supp. 1984. The Department's determination to suspend driving privileges is based solely on these reports. *Collins v. Director of Revenue*, 691 S.W.2d 246 (Mo. banc 1985). The Department has provided Arth with all documents available to it pertaining to Arth. The trial court exceeded its jurisdiction when it ordered the Department to provide, *by interrogatory*, information not available to it. *State ex rel. Mid-America Pipeline Company v. Rooney*, 399 S.W.2d 225, 229 (Mo.App.1965). As suggested by Judge Smith in the Court of Appeals, the Department should be re-

quired by interrogatory to provide the licensee with any information concerning the licensee or licensee's case which is in the records of the Department. If further information is desired, the licensee must look to Rules 57.03 and 58.01.

The order of the circuit court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

HIGGINS, C.J., and BILLINGS, BLACKMAR, DONNELLY and ROBERTSON, JJ., concur.

RENDLEN, J., dissents in separate opinion filed.

WELLIVER, J., dissents and concurs in separate dissenting opinion of RENDLEN, J.

RENDLEN, Judge, dissenting.

Arth's license was suspended under § 302.505.1, RSMo Cum.Supp. 1984, (hereinafter § 302.505.1) following his arrest for drunk driving under § 577.010, RSMo Cum. Supp. 1984. Section 302.505.1 authorizes suspension of an individual's license when he is arrested upon probable cause to believe he is driving with a blood alcohol level of .13 or more. Following suspension of his license under § 302.505.1 a licensee can, upon timely request under § 302.530.1 RSMo Cum.Supp. 1984, obtain administrative review of that decision. After review by a hearing examiner, an aggrieved licensee may then seek a "trial de novo" in circuit court under § 302.535.1, RSMo Cum.Supp. 1984 (hereinafter § 302.535.1). That trial de novo is to be conducted *"pursuant to the Missouri rules of civil procedure...."* (Emphasis added.) This provision grants a licensee access to the entire panoply of discovery devices—interrogatories, depositions, and production of documents.

The Department of Revenue complains that the trial judge abused his discretion when he struck its petition for failing to respond to Arth's interrogatories because answering the interrogatories would have allegedly required research and investigation of sources not within its control. As

noted in the per curiam opinion, the interrogatories sought information about the background of the arresting officer, the circumstances surrounding Arth's arrest, and details about the functioning of the instrument used to measure Arth's blood alcohol content.

The general rule of this Court has been that an interrogated party is only required to respond as to matters of fact within his knowledge and is not to be required to express opinions or engage in research and compilation of data or information not readily known to him. *State ex rel. Gamble Construction Co. v. Carroll*, 408 S.W.2d 34, 38 (Mo. banc 1966). The *Gamble* case was an original proceeding in prohibition and the facts there closely parallel those of the case at bar. There, the trial judge had indicated that unless Gamble obtained a writ of prohibition or answered the interrogatories propounded he would strike its pleadings.

In *Gamble*, we acknowledged that interrogatories which require a party to engage in investigations, research, or compilation of data are frequently improper. A party generally should not be subjected to the burden of conducting independent research in order to acquire the information needed to respond to interrogatories. However, in *Gamble*, we also indicated

> ... the objection that preparing an answer would require research by the interrogated party *is not enough to bar the interrogatories in every case.* In order to justify sustaining of an objection to such an interrogatory, it must be shown that the research is *unduly burdensome and oppressive.* The party seeking to avoid answering the interrogatories carries the burden of showing that the information sought is not readily available to him and where there is conflict *the court will make its own determination* as to the cost and inconvenience of answering the interrogatories, *rather than relying on bare assertions as to this by the party.*

*Gamble*, 408 S.W.2d at 38 (quoting 2A Barron and Holtzoff 321 § 768) (emphasis added).

Additionally, we concluded that it is the *trial court* which has jurisdiction to decide whether requiring a party to answer certain interrogatories will subject him "to annoyance, undue expense, embarrassment or oppression." *Gamble*, 408 S.W.2d at 38. Our decision in *Gamble* clearly commits to the discretion of trial judges the weighing of all relevant factors bearing upon whether a party should be compelled to answer relevant interrogatories.

Here, the trial judge exercised the discretion authorized by our decision in *Gamble* and nothing in the record indicates an abuse of that discretion. Moreover, it is not clear that answering Arth's interrogatories would require extraordinary labor or expense, or that the information is unavailable from a not unfriendly source. Because the Department of Revenue processes so many license suspensions and revocations for drunk driving it should be able to reasonably anticipate interrogatories such as those submitted by Arth as well as provide for the necessary administrative framework to expeditiously provide the required responses. Additionally, there is no support in the record that any of the interrogatories asked and ordered answered could not be answered, or would not be developed by the Department in preparation for and conduct of the trial provided by § 302.535.1.

Undoubtedly, the legislative purpose of the Suspension and Revocation Administrative Procedure Statute, Chapter 302.500–302.540 is to provide an efficient procedure to combat the problem of drunk driving. Our role is to construe the statute (§ 302.-535.1) as enacted by the legislature and not to alter its clear meaning. As aptly stated in *United Airlines, Inc. v. State Tax Commission*, 377 S.W.2d 444, 448 (Mo. banc 1964) "We are guided by what the legislature says, and not by what we may think it meant to say." Section 302.535.1 explicitly provides that the rules of civil procedure apply in a trial de novo. The trial judge exercised the discretion he was granted by our decision in *Gamble* to enforce those

rules no abuse of discretion has been shown and therefore I respectfully dissent.