**Kurt Wayne OTTINGER, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

No. 49843.

Missouri Court of Appeals, Eastern District, Division One.

March 3, 1987.

William L. Webster, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Ninion S. Riley, Sp. Asst. Atty. Gen., Sharon M. Busch, Asst. Gen. Counsel, Dept. of Revenue, Jefferson City, for appellant.

Terry J. Flanagan, Joan M. Burger, St. Louis, for respondent.

CRIST, Judge.

The Director of the Department of Revenue (Department) appeals from an order

sanctioning Department for failure to answer respondent's (licensee's) interrogatories. As a sanction the court struck Department's pleadings and ordered the director to reinstate licensee's license to drive. We reverse and remand.

Licensee was arrested, on February 5, 1984, for driving while intoxicated under § 577.010, RSMo 1986. His license was suspended pursuant to § 302.525. An administrative hearing was held, § 302.530, and the suspension was upheld. Licensee asked for a trial de novo. § 302.535. In conjunction with that trial, licensee submitted interrogatories to Department that contained, counting subparts, over fifty questions. Of those questions Department was only able to answer four, partially because the information requested was not known or readily available to it and partially because information was sought with reference to an arrest on February 17, 1984, instead of February 4, 1984. Licensee did not seek to compel answers to the questions referring specifically to February 17, 1984. The remaining questions sought information (1) available only to the arresting officer, (2) about the policies of the Hazelwood police department, or (3) of a technical nature which could only be answered by the manufacturer of the equipment or by agencies other than the Department of Revenue.

The facts and salient issues are similar to those in *Arth v. Director of Revenue,* 722 S.W.2d 606 (Mo. banc 1987). Department provided licensee with all the documents relevant to licensee that were available to it. Department did all that was required when it provided licensee, by interrogatory answer, all the information requested concerning licensee's case as was available in its files. Department can do no more than answer the questions asked by providing the information that is reasonably available to it.

In support of the sanctions, licensee argues in his brief that the four interrogatory answers were only signed by Department's attorney and not by the director. This issue was not raised in his Motion to Compel Answers. Without deciding if the failure to have the director sign the interrogatories was discovery abuse, we hold, under the circumstances, the sanctions imposed would be too severe a penalty for the mere failure to have the party sign the interrogatories when all the legally required information was supplied in the answers and the lack of signature was not objected to prior to appeal.

The order of the circuit court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

SATZ, P.J., and KELLY, J., concur.