**Richard R. WILD, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

**No. 49870.**

Missouri Court of Appeals, Eastern District, Division One.

March 3, 1987.

William L. Webster, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Ninion S. Riley, Sp. Asst. Atty. Gen., Sharon M. Busch, Asst. Gen. Counsel, Dept. of Revenue, Jefferson City, for appellant.

Ben N. Messina, St. Louis, for respondent.

CRIST, Judge.

The Director of the Department of Revenue (Department) appeals from an order sanctioning Department for failure to answer respondent's (licensee's) interrogatories. As a sanction the court struck Department's pleadings and ordered the director to reinstate licensee's license to drive. We reverse and remand.

Licensee was arrested for driving while intoxicated under § 577.010, RSMo 1986. His license was suspended pursuant to § 302.525. An administrative hearing was held, § 302.530, and the suspension was upheld. Licensee requested a trial de novo. § 302.535. In conjunction with that trial, licensee submitted interrogatories to Department that contained, counting subparts, over fifty questions. Of those questions Department was unable to answer thirty-four because the information requested was not known or readily available

to it. The questions sought information (1) available only to the arresting officer, (2) about the policies of the St. Louis county police department, or (3) of a technical nature which could only be answered by the manufacturer of the equipment or by agencies other than the Department of Revenue.

The facts and issues are similar to those in *Arth v. Director of Revenue,* 722 S.W.2d 606 (Mo.banc 1987). Department provided licensee with all the documents relevant to licensee that were available to it. Department did all that was required when it provided licensee, by interrogatory answer, all the information concerning licensee or his case as was available in its files. Department can do no more than provide the information that is reasonably available to it.

The order of the circuit court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

SATZ, P.J., and KELLY, J., concur.