**Dean Kip FOGELBACH, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. 52594.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 26, 1987.

Motion for Rehearing and/or Transfer
Denied June 24, 1987.

---

see's license to drive reinstated. We reverse and remand.

Licensee was arrested for driving while intoxicated under § 577.010, RSMo 1986. His license was suspended pursuant to § 302.525. An administrative hearing was held, § 302.530, and the suspension was upheld. Licensee applied for a trial de novo. § 302.535.

In conjunction with the trial de novo, licensee on July 18, 1986, served Department's St. Louis attorney with a Notice to Take Depositions. That notice was for a deposition, to be held on July 25, 1986, of Director McNeill. On July 21, 1986, the working day after service, department filed a motion for a protective order, objections to the notice to take depositions, and notice of designation of agent. None of those motions were ruled on by the court. Director McNeill did not appear for the deposition; however, a St. Louis attorney with Department was present and willing to be deposed.

■ The issue in this case is similar to that in *Arth v. Director of Revenue*, 722 S.W.2d 606 (Mo.banc 1987). The import of the supreme court's opinion in *Arth* is that Department is not required to go to herculean lengths to respond to discovery, and that licensees cannot avoid the consequences of driving while intoxicated by overwhelming Department during discovery. Department appeared at the deposition, and the employee representing Department was prepared to answer licensee's questions. If we were to allow licensees to depose the director of revenue personally, the director would be required to appear at innumerable depositions in all parts of the state, and when there he would most likely be unable to provide specifics of any particular case. Requiring such actions from the director would undermine the spirit of *Arth* and the purpose of § 577.010, RSMo 1986.

The order of the circuit court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

William L. Webster, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Dept. of Revenue, Jefferson City, for appellant.

Thomas, Busse, Goodwin, Cullen, Clooney & Gibbons, Donald H. Clooney, St. Louis, for respondent.

CRIST, Judge.

The Director of the Department of Revenue (Department) appeals from an order sanctioning Department for the failure of Director McNeill to personally appear for a deposition. As a sanction the court struck Department's pleadings and ordered licen-

SATZ, P.J., concurs in result.

KELLY, J., concurs.