Motion for Rehearing and/or Transfer to Supreme Court Denied May 5, 1993.

Del Phillips, Ray B. Marglous, St. Louis, for plaintiff/appellant.

K. Steven Jones, St. Louis, for defendant/respondent.

Before CARL R. GAERTNER, P.J., and CRANE and CRAHAN, JJ.

### ORDER

PER CURIAM.

Plaintiff appeals from a summary judgment order issued in favor of defendant dismissing his uninsured motor vehicle claim.

A detailed opinion stating facts and citing principles of law would have no precedential value. The parties have been furnished with a memorandum opinion for their information only setting forth the facts and reasons for this order. The judgment is affirmed in accordance with Rule 84.16(b).

James Joseph LAZZARI, Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Appellant.

No. 62154.

Missouri Court of Appeals, Eastern District, Division Two.

April 6, 1993.

William L. Webster, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Thomas A. Connelly, St. Louis, for respondent.

PUDLOWSKI, Judge.

The appellant, Director of Revenue, State of Missouri, appeals the judgment of the Circuit Court of St. Louis County. In granting the judgment, the court excluded the testimony and records presented by Sgt. Dan Gathright, records custodian of Troop C of the Missouri State Highway Patrol, and reinstated James Joseph Lazarri's driving privileges. We reverse and remand.

The arresting state trooper Hunter testified that the respondent was driving his pick-up truck seventy-five miles per hour in a fifty-five mile per hour zone and changing lanes without signalling. Hunter pulled the respondent over on I–270 and observed that his eyes were bloodshot, his speech was slurred, and his breath had a strong odor of alcohol. Hunter had respondent exit the vehicle. He was not wearing a shirt or shoes. Respondent was asked to complete a battery of field sobriety tests which he did not pass. Hunter then placed the respondent under arrest and transported respondent to Troop C Headquarters for a breath analysis test. Hunter, a qualified type III permit holder, tested respondent's blood alcohol level. The blood alcohol test (hereinafter BAC) registered .224%.

The .224% BAC level exceeded the statutory maximum of .13% resulting in the automatic suspension of respondent's driving privileges. The suspension was upheld after an administrative hearing. Respondent petitioned for a trial de novo in the Circuit Court of St. Louis County.

In preparation for trial respondent filed a "Request to Produce" pursuant to Rule 59.01 [1] asking the director to produce in open court "any and all documents or writings which the director intends to produce or rely upon as evidence at any trial." Director complied by forwarding to respondent all of the requested documents available to him.

At trial respondent objected to director's introduction of the BAC test results on the grounds that no evidence had been submitted establishing that the BAC equipment had been properly maintained within thirty-five days of the respondent's test. Director called Sgt. Dan Gathright, the custodian of records for Troop C of the Missouri State Patrol. The subpoena duces tecum required Sgt. Gathright as the custodian of records to appear at trial with the appropriate maintenance records.

---

1. For trial purposes the trial court considered the motion as a motion under Rule 58.01.

The respondent objected to the testimony of Sgt. Gathright on the grounds that he had received no notice as to the witness's name nor any documents relative to any maintenance of the machine he had in his possession. The trial judge sustained respondent's objection and denied Gathright's testimony and the admission of the documents. At the hearing the trial court explained the decision to prohibit Sgt. Gathright's testimony and evidence on the grounds of fairness. The director made an offer of proof. In the offer of proof Sgt. Gathright testified to the authenticity of the maintenance records which were under his control and possession and that the record revealed that the BAC equipment had been properly maintained within the required thirty-five days.

The trial court found in its written denial of the director's motion for a new trial to bar Sgt. Gathright's testimony and accompanying records on Rule 56.01(e)(1)(B) and the concept of basic fairness. The trial court held, "... all records, documents, information and identity of witnesses were available to respondent (director) in February, 1992 but not disclosed, none the less, and that basic fairness as well as the duty to supplement answers as they change or become available under Supreme Court Rule 56.01(e)(1)(B) was not observed."

Rule 56.01(e)(1)(B) requires a party who has responded to prior interrogatories to supplement his responses to identify any person who is expected to be called as an *expert* witness at trial and the general nature of the subject matter on which the expert is expected to testify.

The respondent argues that his discovery request to produce required the director to supply a copy of the maintenance records and the name of the custodian. The trial court agreed. The director argues that Gathright is not an expert and that he is not required to produce documents that are not in his possession.

■ An expert witness is a witness that by reason of education or specialized experience possesses superior knowledge respecting a subject about which persons who have no particular training are incapable of forming an accurate opinion of or adducing correct conclusions therefrom. *DeLong v. Hilltop Lincoln–Mercury, Inc.*, 812 S.W.2d 834, 842 (Mo.App.1991). Even if some of a witness' testimony incidentally calls upon his learning and experience, that does not automatically make him an expert witness. *Id.* at 842.

■ In the director's offer of proof Sgt. Gathright testified he was the custodian of the records and that the records were kept in accordance with the statutory conditions. Such position does not qualify him as an expert. The information in the documents speak for themselves. We do not consider Sgt. Gathright, as custodian, an expert as called for under Rule 56.01(e)(1)(B), and, therefore, the director was not required to inform the respondent.

The respondent also argues that the director should have submitted to him copies of the documents which Sgt. Gathright brought with him.

Missouri case law has established that information, records, or documents that are not in the possession of the Director of Revenue are not available to him and he has no duty to produce those documents. *See Arth v. Director of Revenue*, 722 S.W.2d 606, 607 (Mo banc 1987), and *Richardson v. Director of Revenue*, 725 S.W.2d 141 (Mo.App.1987). In *Arth* a motorist, whose driver's license was suspended after a blood alcohol test, sought judicial review. The trial court reinstated Arth's driving privileges for discovery violations by the Director of Revenue and he appealed. During pretrial discovery Arth served interrogatories upon the Director seeking information about the functioning of the instrument used to measure the alcohol in Arth's blood, among other data. The Director objected to the interrogatories because this information was not in his possession and he refused to answer them. The Supreme Court held that the Director could not be required to furnish to the motorist, by discovery, information which is not in his files, and thus not available to him.

The *Arth* court's decision was then expanded from interrogatories to production of documents in *Richardson v. Director of Revenue*, 725 S.W.2d 141 (Mo.App.1987). We held that the Director was not subject to sanctions for failure to produce documents or records which were not in the Director's possession.

■ In the present case the maintenance records at issue were never in the possession of the director. The records were in the files of the State Highway Patrol. The director had subpoenaed the custodian of the records to bring the maintenance reports to the court at the time of trial. The trial court's holding that all records, information, and documents were available to the director was in error.

The trial judge also placed emphasis on the fact the director knew the identity of Sgt. Gathright as the custodian of records for Troop C of the Missouri State Patrol prior to the court trial. The trial court determined that the director had violated Rule 56.01(e)(1)(B) when it had not informed the respondent of Sgt. Gathright's existence.

It should be noted that respondent's discovery request was specific to documents and records upon which director would rely as evidence at trial. The inquiry made no request for the identity of any witnesses. The request specifically asked for: (1) the entire file of the administrative hearing, (2) all evidence, exhibits, and transcripts of the administrative hearing, and (3) any and all documents or writings which the Director of Revenue intends to produce or rely upon as evidence at any trial of this matter. The Director responded by delivering to respondent all records and documents it had available to it. The scope of this request is specific to documents that the director would rely on at trial.

Sgt. Gathright's presence at trial could not have prejudiced the respondent because RSMo 490.680 permits a custodian to testify about a record as to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event. Sgt. Gathright's testimony was directed to establishing the admissibility of the maintenance records as competent and valid evidence. Sgt. Gathright's testimony was not offered as evidence of an expert.

The presence of Sgt. Gathright as a testifying custodian of the records should not have been a surprise to the respondent. The aforementioned Mo.Rev.Stat. 490.680, and *State v. Armstrong*, 575 S.W.2d 847 (Mo.App.1978), require that all records to be admissible in court must be produced by a custodian and its identity, authenticity, and genuineness must be established. Respondent should have known that director would have to introduce the maintenance records and these documents must be verified by the custodian of records or a qualified witness.

The judgment of the circuit court is reversed and the cause is remanded for further proceedings consistent with this opinion.

CRANDALL, P.J., and GRIMM, J., concur.