James Wallace **BEDELL**, Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. WD 52189.

Missouri Court of Appeals, Western District.

Dec. 10, 1996.

Jeremiah W. (Jay) Nixon, Attorney General, James A. Chenault, III, Special Assistant Attorney General, Mo. Dept. of Revenue, Jefferson City, for appellant.

J. Michael Joy, Lee's Summit, for respondent.

Before BRECKENRIDGE, P.J., and HOWARD and LAURA DENVIR STITH, JJ.

LAURA DENVIR STITH, Judge.

Appellant Director of Revenue appeals the trial court's judgment ordering the Director to reinstate Respondent James Wallace Bedell's driving privileges. The trial court excluded a copy of a police officer's permit to maintain breath analyzing equipment because the Director had failed to produce it in response to a document production request and held that the Director had failed to provide an adequate foundation for admission of the maintenance report on the breathalyzer. Therefore, the trial court ruled that the Director had improperly revoked Mr. Bedell's driving privileges.

Judgment reversed and remanded.

## I. *FACTUAL AND PROCEDURAL BACKGROUND*

At approximately 10:10 p.m. on May 13, 1995, Missouri State Highway Patrol Trooper Doug Hedrick observed Respondent James Wallace Bedell, traveling northbound on Highway 71, run off the right shoulder of the road and drift across the center line. Trooper Hedrick then pulled the car over and asked Mr. Bedell for his driver's license and insurance. During this stop, Trooper Hedrick smelled alcohol coming from Mr. Bedell and noticed that Mr. Bedell's speech was slurred. Trooper Hedrick told Mr. Bedell to exit the car and asked if he had been drinking. Mr. Bedell responded that he had consumed four beers. Trooper Hedrick then administered several field sobriety tests. After these tests, Trooper Hedrick arrested Mr. Bedell for driving while intoxicated.

At the Butler Police Department, Mr. Bedell consented to take a breath analysis test. That test showed that Mr. Bedell's blood alcohol content was .14 percent. The Director of Revenue subsequently suspended Mr. Bedell's driving privileges, effective August 5, 1995, pursuant to Section 302.500 *et seq.*, RSMo 1994. Mr. Bedell then filed a petition for a trial *de novo*.

Prior to trial, Mr. Bedell requested the Director to produce documents which the Director planned to introduce at trial. The Director did produce certain documents, but objected to production of further information,

reports, or documents on the grounds that they were unavailable to Respondent and not in the Director's custody or control. In support, the Director cited Rule 57.01(a) and *Arth v. Director of Revenue,* 722 S.W.2d 606 (Mo.App.1987).

At trial, the Director offered the testimony of the officer maintaining the breathalyzer used to analyze Mr. Bedell's breath for alcohol content. When the officer attempted to lay a foundation for his testimony by producing a copy of his Type II permit to maintain breath test instruments, counsel for Mr. Bedell objected to admission of the permit on the basis that it had not been produced in response to his request for production of documents that the Director would introduce at trial. The Director argued that he was not required to produce the permit because it was in the possession of the Highway Patrol, not the Director. The trial court sustained the objection.

The trial court nonetheless permitted the maintenance officer to testify that he did hold a Type II permit and to otherwise explain his qualifications to maintain breath testing equipment. The Director then recalled the officer who had administered the breathalyzer test. He testified without objection that the Defendant's breath alcohol concentration was .14 percent, which is over the .10 limit set in the statute.

In its judgment, the trial court held that the Director had improperly revoked Mr. Bedell's driving privileges. In support of this result, the court noted that it had excluded the maintenance officer's Type II permit because the Director had failed to provide Mr. Bedell with a copy of it in response to Mr. Bedell's request that the Director produce documents that the Director intended to introduce at trial. The court further stated that it believed that because of the exclusion of the permit the Director had failed to provide an adequate foundation for admission of the maintenance report on the breathalyzer in question. The court therefore ordered the Director to reinstate Mr. Bedell's driving privileges.

## II. STANDARD OF REVIEW

The trial court's decision setting aside the suspension of Mr. Bedell's driving privileges will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Gordon v. Director of Revenue,* 896 S.W.2d 737, 739 (Mo.App.1995). The appellate court views the evidence in the light most favorable to the judgment. *Wofford v. Director of Revenue,* 868 S.W.2d 142, 143 (Mo.App.1993).

## III. THE TRIAL COURT ERRED IN RE-INSTATING MR. BEDELL'S DRIVING PRIVILEGES

We reverse on numerous grounds. First, prior Missouri cases have established that "information, records, or documents that are not in the possession of the Director of Revenue are not available to him and he has no duty to produce those documents." *Lazzari v. Director of Revenue,* 851 S.W.2d 68, 70 (Mo.App.1993) (citing *Arth v. Director of Revenue,* 722 S.W.2d 606, 607 (Mo. banc 1987) and *Richardson v. Director of Revenue,* 725 S.W.2d 141 (Mo.App.1987)). Specifically, the Director of Revenue is *not* required to produce maintenance records of breath analysis equipment which are in the possession of the Highway Patrol in response to a request that the Director produce any documents in his control on which he will rely at trial. *Lazzari,* 851 S.W.2d at 71.

This case is analogous to *Lazzari.* The Director did not produce the officer's permit to maintain breath analysis equipment because that permit was not in the possession of the Director. Furthermore, the Director cited *Arth* in support of his objection to Mr. Bedell's discovery request prior to trial. Under *Arth, Lazzari,* and *Richardson,* it was error to exclude the maintenance officer's permit merely because of the Director's failure to produce that permit in discovery.

Second, even if the permit itself had been properly excluded, the trial court properly permitted the maintenance officer to testify to the fact that he had such a permit

and to otherwise establish his qualifications to maintain breath testing machines. The Missouri Supreme Court has specifically held that such oral testimony is adequate to prove that an officer is a permit holder, laying the foundation for the introduction of breathalyzer test results. Therefore, production of the actual permit is unnecessary. *Cooley v. Director of Revenue*, 896 S.W.2d 468, 470–71 (Mo. banc 1995).

■ Mr. Bedell also objected below that the Director produced only a copy of the maintenance report on the breathalyzer, claiming he was required to produce the original report. As the Missouri Supreme Court has noted, however, copies of such maintenance reports may be admitted in the same manner as the original under Section 302.312. *Hadlock v. Director of Revenue*, 860 S.W.2d 335, 337–38 (Mo. banc 1993). As the other foundational requirements for the introduction of the report were met, it was error to exclude it.[1]

■ Finally, we note that even if the maintenance report had been excludable, the officer who administered the test testified without objection that the test showed that Mr. Bedell's blood alcohol content was .14 percent. The Missouri Supreme Court has held that, even where the maintenance report is excluded, if evidence of the person's blood alcohol content is admitted without objection, then any objection to a failure to adequately prove maintenance of the machine is waived. *Reinert v. Director of Revenue*, 894 S.W.2d 162, 164 (Mo. banc 1995) That is what occurred here, so proof of proper maintenance was not required.

For all of these reasons, the judgment is reversed and remanded for further proceedings in accordance with this opinion.

All concur.

---

1. On appeal Mr. Bedell notes that there was some confusion or inconsistency in the evidence as to whether the original of the report is kept at the Department of Revenue or at Highway Patrol headquarters, and that this provided the basis for the judge to exclude the copy. Doubt as to the accuracy of the copy was not the basis on which the judge excluded the copy, however. He excluded it due to his mistaken belief that this was an appropriate sanction for a discovery violation and that absent this evidence there was inadequate proof of maintenance of the machine.