**Robert Joe KEEFOVER, Petitioner–Respondent,**

v.

**DIRECTOR OF REVENUE, Respondent–Appellant.**

No. 22420.

Missouri Court of Appeals, Southern District. Division One.

May 12, 1999.

Jeremiah W. Nixon, Attorney General, and Evan J. Buchheim, Assistant Attorney General, State of Missouri, for Appellant.

No brief filed by Respondent.

PREWITT, Presiding Judge.

The trial court entered judgment against the Director of Revenue as a discovery sanction for failure to respond to interrogatories that requested information that the Director has stated she did not have, did not know, or was not reasonably available to her.

Respondent Robert Joe Keefover was arrested for driving while intoxicated, and consented to, and was given, a breathalyzer test, which indicated a blood-alcohol content of .19%. Thereafter, his driving privileges were suspended and he petitioned for trial de novo. Interrogatories, and a Request for Production of Documents were submitted to Appellant. Appellant presents one point relied on. It states:

> The trial court erred in entering a default judgment against the Director of Revenue as a discovery sanction for failure to answer interrogatories because the trial court exceeded its jurisdiction and abused its discretion in imposing sanctions in that the Director answered the interrogatories within the time ordered by the trial court and the Director responded to the interrogatories as permitted under Rule 57.01(d) by producing the Department of Revenue's business records regarding the suspension of driver's driving privilege and responding or objecting that he [had] no other information that would enable him to respond to the interrogatories.

■ Respondent has not filed a brief. While there is no penalty for Respondent's failure to file a brief, we must adjudicate the Director's claim of error without the benefit of whatever argument, if any, Respondent could have made in response to it. *Sherrod v. Director of Revenue*, 937 S.W.2d 751, 752 (Mo.App.1997).

■ The courts of this state have repeatedly held that the Director of Revenue cannot be required, in a proceeding of this nature, to provide documents or information other than those in its records. *Arth v. Director of Revenue*, 722 S.W.2d 606 (Mo.banc 1987); *Green v. Director of Revenue*, 952 S.W.2d 781, 782 (Mo.App.1997); *Richardson v. Director of Revenue*, 725 S.W.2d 141 (Mo.App.1987); *Ottinger v. Director of Revenue*, 725 S.W.2d 142 (Mo. App.1987); *McDermott v. Director of Revenue*, 725 S.W.2d 143 (Mo.App.1987); and

*Wild v. Director of Revenue*, 725 S.W.2d 144 (Mo.App.1987).

*McDermott* states, 725 S.W.2d at 144:

> Department provided licensee with all the documents relevant to licensee that were available to it. Department did all that was required when it provided licensee, by interrogatory answer, all the information concerning licensee or his case as was available in its files. Department can do no more than provide the information that is reasonably available to it.

The trial court erred in sanctioning Appellant and entering judgment adverse to her. The judgment is reversed and the case remanded for further proceedings consistent with this opinion.

CROW, J., and PARRISH, J., concur.