Martin PRINS, Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Appellant.

No. WD 71833.

Missouri Court of Appeals, Western District.

Nov. 16, 2010.

Jonathan H. Hale, for Appellant.

Matthew D. Lowe, for Respondent.

Before Division Three: ALOK AHUJA, Presiding Judge, VICTOR C. HOWARD, Judge and CYNTHIA L. MARTIN, Judge.

VICTOR C. HOWARD, Judge.

The Director of Revenue ("the Director") appeals the trial court's judgment disallowing the introduction of evidence or testimony from a Missouri State Highway Patrol ("MSHP") trooper regarding the stop of Martin Prins's vehicle and the arrest of Prins for driving while intoxicated. On appeal, the Director claims that the trial court erred in excluding the evidence because it erroneously applied the spoliation doctrine, and claims that if the evidence had been admitted, it would have established that the trooper had probable cause for arresting Prins and that Prins drove in an intoxicated condition. The judgment of the trial court is reversed and remanded.

## Factual and Procedural Background

On September 25, 2008, MSHP Trooper Ben Comer pulled over Martin Prins for an alleged traffic violation. Trooper Comer's patrol vehicle was equipped with two video cameras, which recorded both audio and visual events. The cameras recorded Prins's operation of his vehicle and the interactions between Prins and Trooper Comer during the stop and the arrest of Prins. Trooper Comer arrested Prins for driving while intoxicated and provided him with a notice of suspension on behalf of the Department of Revenue.

Following an administrative hearing held on February 20, 2009, the Director notified Prins of the Director's decision to suspend his driving privilege. Prins filed a petition for trial de novo. After filing the petition, Prins requested a copy of the video of his arrest from the prosecutor in conjunction with the criminal case against Prins. The prosecutor asked Trooper Comer for a copy of the video. Trooper Comer responded that he did not have a video of the stop and arrest because the MSHP computer system had purged the video. On June 1, 2009, Prins filed a motion for sanctions against the Director in the civil case in which Prins alleged that Trooper Comer destroyed the video in violation of MSHP orders.

At a hearing on Prins's motion, Prins offered into evidence an exhibit which contained the general orders of the MSHP pertaining to the preservation of evidence. The general orders provided that videos associated with driving while intoxicated cases must be retained for at least twelve months, or until any such cases are closed and the prosecutor has determined that the video is of no known prosecutorial value. However, Trooper Comer testified at the hearing that the video of the stop and arrest of Prins was automatically purged from the MSHP computer system even though MSHP preservation procedures required that the video be retained.

In its judgment, the trial court found that Trooper Comer had a duty to preserve and maintain the video and that the destruction of the video was in violation of the general orders of the MSHP. Therefore, the court found in favor of Prins and sanctioned the Director by disallowing the introduction of any evidence or testimony from Trooper Comer regarding the stop of Prins's vehicle; the interaction between Prins and Trooper Comer following the stop; and any observations, both prior to and after the arrest, made by Trooper Comer. This appeal by the Director followed.

## Standard of Review

In reviewing a court-tried case, we will affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Baldridge v. Dir. of Revenue*, 82 S.W.3d 212, 219 (Mo.App. W.D. 2002). We view the evidence and all rea-

sonable inferences drawn therefrom in the light most favorable to the judgment and disregard all contrary evidence and inferences. *Id.* However, "[t]he determination whether there was sufficient evidence to support application of the spoliation doctrine and review of whether the spoliation doctrine was properly applied are issues of law, which this court will review de novo." *DeGraffenreid v. R.L. Hannah Trucking Co.*, 80 S.W.3d 866, 872 (Mo.App. W.D. 2002), overruled on other grounds by *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220 (Mo. banc 2003).

### Discussion

■ The Director presents two points on appeal. The Director first claims that the trial court erred in excluding the Director's evidence because the court misapplied the spoliation doctrine. The Director next claims that if the trial court had properly admitted the Director's evidence, the evidence would have established that Trooper Comer had probable cause to arrest Prins for driving while intoxicated and that Prins actually did drive in an intoxicated condition.

■ Missouri courts have long recognized the spoliation doctrine, which pertains to the destruction or significant alteration of evidence. *Baldridge*, 82 S.W.3d at 222. If a party intentionally spoliates evidence, the party is subject to an adverse evidentiary inference. *Id.* at 223. "The standard for application of the spoliation doctrine requires that 'there is evidence of an intentional destruction of the evidence indicating fraud and a desire to suppress the truth.'" *Id.* (quoting *Moore v. Gen. Motors Corp.*, 558 S.W.2d 720, 733 (Mo. App.1977)). Although in some circumstances the destruction of evidence without a satisfactory explanation may give rise to an unfavorable inference against the spoliator, the party seeking the benefit of the doctrine must still show that the spoliator destroyed the evidence "under circumstances manifesting fraud, deceit or bad faith." *Id.* (internal quotations omitted). Simple negligence is insufficient to warrant the application of the spoliation doctrine. *Id.*

The Director, referring to statements made by the trial court during hearings, contends that the court did not find in its judgment that Trooper Comer intentionally destroyed the evidence under circumstances indicating fraud, deceit, or bad faith. Prins claims that the trial court did make such a finding in its judgment and that we cannot look to the oral pronouncements of the court which contradict the judgment.

■ The interpretation of a trial court's judgment is a question of law. *Janes v. Janes*, 242 S.W.3d 744, 748 (Mo. App. W.D.2007). "[I]f the decree 'conveys more than one meaning such that a reasonable person may fairly and honestly differ in the construction of the terms,' then the language is ambiguous, and the appellate court must ascertain the intent of the trial court in entering the order." *Id.* (quoting *Riener v. Riener*, 926 S.W.2d 6, 7 (Mo.App. E.D.1996)). Therefore, "we are required to search the entire record for clues in attempting to divine the intentions of the court." *State ex rel. Mo. Highway & Transp. Comm'n v. Westgrove Corp.*, 306 S.W.3d 618, 623 (Mo.App. E.D.2010).

In its judgment, the trial court made the following findings:

Trooper Comer's lack of recognition of a duty to retain such videos per his employer's explicit orders would indicate to the Court either an intent to destroy evidence in order to suppress the truth or gross negligence insofar as his training or adherence to orders was concerned.... While Trooper Comer may

have inadvertently destroyed the evidence in question it was done in clear contradiction to his duty to preserve said evidence.

At least four propositions regarding the destruction of the video can be found in the court's language: (1) Trooper Comer intended to destroy the video in order to suppress the truth; (2) the MSHP was grossly negligent in training its troopers regarding the preservation of such videos; (3) Trooper Comer was grossly negligent in his adherence to the MSHP's orders; and (4) Trooper Comer inadvertently destroyed the video. Where the trial court listed several possibilities as to the intent or lack thereof behind the destruction of the video, it is unclear whether the trial court based its exclusion of the Director's evidence on a finding that Trooper Comer intentionally destroyed the video under circumstances manifesting fraud, deceit, or bad faith. Accordingly, we must determine if anything in the record sheds light on the intent of the trial court in entering its order.

At the hearing on Prins's motion for sanctions, Trooper Comer testified that he attempted to retain the video in the computer system but was unaware or misinformed about how the software worked. He believed at the time that if he classified the video as a driving while intoxicated offense, the video would not be purged from the system. However, he later found out that a particular checkbox had to be marked in order to retain the video in the system. Because he did not mark the checkbox, the video was automatically purged from the system after ninety days. Trooper Comer acknowledged that the destruction of the video was in violation of MSHP policy but testified that he did not intentionally delete the video.

At the hearing on Prins's motion, counsel for the Director provided the court with the *Baldridge* case, which the court briefly reviewed. Subsequently, a hearing was held on the Director's motion for reconsideration of the court's order in this case. The Director argued that Prins made no showing that Trooper Comer intentionally destroyed the video under circumstances indicating fraud, deceit, or bad faith as required by *Baldridge*. At the hearing, the court made the following statements:

> I don't have any reason to think that Officer Comer did anything on purpose, and I never have believed that. I don't think he necessarily did it because he thought it would foul up his case. But I think my recollection of the testimony was that he hit the wrong button.... I can understand and I can read Baldridge. And again, I don't think there was any intent to defraud anybody, or to do anything by deceit.... Again, I'm not in any way indicating that I think this was done on purpose.

The court went on to explain that, "regardless of what Baldridge says," the court believed that if drivers were held to strict standards, law enforcement should be as well. This belief is reflected in the judgment, where the court found that "[a] driver should not be subject to strict adherence to all laws, rules and regulations while an employee of the State is free to follow, flaunt, obey or ignore the same at his or her leisure and without consequence."

Overall, the record indicates that the trial court did not believe that Trooper Comer intentionally destroyed the video under circumstances indicating fraud, deceit, or bad faith. Rather, the trial court based its judgment on a belief that, where drivers are held to strict adherence to the law, law enforcement should likewise be held responsible when it fails to follow its own procedures. Therefore, where a re-

view of the entire record reveals that the trial court did not base its judgment on a finding that Trooper Comer intentionally destroyed the video under circumstances manifesting fraud, deceit, or bad faith, the spoliation doctrine was inapplicable to this case and was not a proper basis upon which to exclude the Director's evidence.

■■ Furthermore, even if one could interpret the court's judgment to conclusively find that Trooper Comer intentionally destroyed the video, there was no evidence that he did so at the direction or encouragement of the Director. In *Baldridge*, this court noted that, "where a third person or agent of a party destroys evidence, there must be evidence that the 'party in bad faith directed, encouraged, or in any other way took part in' the destruction." 82 S.W.3d at 223 (quoting *Schneider v. G. Guilliams, Inc.*, 976 S.W.2d 522, 528 (Mo.App. E.D.1998)). Additionally, Missouri cases have held that " 'information, records, or documents that are not in the possession of the Director or Revenue are not available to him and he has no duty to produce those documents.' " *Bedell v. Dir. of Revenue*, 935 S.W.2d 94, 96 (Mo. App. W.D.1996) (quoting *Lazzari v. Dir. of Revenue*, 851 S.W.2d 68, 70 (Mo.App. E.D. 1993)) (noting that the Director was not required to produce maintenance records of breath analysis equipment which are in the possession of the MSHP).[1]

Where the spoliation doctrine is inapplicable and Prins advances no other specific rationale which would support the trial court's exclusion of the Director's evi-

dence, the court's judgment excluding the evidence is reversed. Although the Director seeks a final disposition in favor of the Director based on an offer of proof that included Trooper Comer's report, we remand the case for a new hearing on Prins's petition to permit the trial court to determine in the first instance whether the credible evidence supports the suspension of Prins's driving privilege and to afford Prins the opportunity to present evidence rebutting the Director's contentions.

All concur.

---

1. Prins appears to argue that MSHP officers are required to submit the videos associated with driving while intoxicated offenses to the Director. Prins cites section 302.510.1, RSMo Cum.Supp.2009, in support of his argument, claiming that the "arresting officer is required to submit to the Director '... all information relevant to the enforcement action.' " The portion of section 302.510.1 omitted from the quote in Prins's brief provides that the arresting officer "shall forward to the department *a certified report* of all information relevant to the enforcement action." (Emphasis added.) The statute provides a list of what is to be included in the report but does not specify that the officer is required to forward the video of the stop and arrest to the Director.