**Kirk Davis DOUGLAS, Plaintiff–Respondent,**

v.

**DIRECTOR OF REVENUE, STATE of Missouri, Respondent–Appellant.**

No. SD 30207.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 19, 2010.

---

Chris Koster, Atty. Gen., Jonathan H. Hale, Jefferson City, for Appellant.

Stephen E. Walsh, John M. Albright, Poplar Bluff, for Respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

The Director of Revenue ("the Director") revoked the driver's license of

Kirk Davis Douglas ("Respondent") for one year after he was arrested for driving while intoxicated. Respondent filed a petition for review with the trial court and, following a hearing, the trial court ordered the exclusion of testimony of the arresting Missouri State Highway Patrol Trooper as a sanction for the Trooper's failure to produce video and audio recordings of the field sobriety tests and arrest. The trial court then entered a judgment finding that the arresting officer did not have probable cause to arrest Respondent and ordered the Director to reinstate Respondent's driver's license. On appeal, the Director contends the trial court erred in reinstating Respondent's driving privileges because its judgment misapplied the law. We agree and reverse.

On April 24, 2008, Trooper Nathan Wheeles was dispatched to the scene of an accident. As a result of Respondent losing control of the car he was driving, the car went airborne twice, crossed oncoming lanes, and rolled end over end at least once before coming to rest. When Trooper Wheeles arrived at the scene, he began to suspect that Respondent was intoxicated. Trooper Wheeles asked Respondent to perform certain field sobriety tests, and believes the tests were performed in view of the patrol vehicle's functional dashboard video camera. Trooper Wheeles eventually arrested Respondent for driving while intoxicated.

Before trial, Trooper Wheeles was served with a subpoena duces tecum to appear at a pretrial hearing and produce any video and audio recordings from the incident. Trooper Wheeles appeared and testified that he did not bring the recordings because he thought the recordings were deleted by the system, but conceded that the recordings might still exist. The recordings were never located despite the Highway Patrol's official policy, which states "Members should ensure that recordings containing events associated with mandatory reportable criminal offenses are not destroyed until any such cases are closed." [1] Missouri State Highway Patrol General Order, No. 83–02–1129.

In preparation for trial, Respondent filed a motion for sanctions [2] seeking to exclude the testimony and Alcohol Influence Report of Trooper Wheeles based on the recordings never being produced. The trial court, relying in part on the spoliation doctrine, granted the motion for sanctions and subsequently entered judgment finding that Trooper Wheeles did not have probable cause to place Respondent under arrest for driving while intoxicated and reinstated Respondent's driver's license. The Director appeals on the ground that the trial court misapplied the law in excluding Trooper Wheeles' testimony and the Alcohol Influence Report as sanctions for not producing any recording of the field sobriety tests and arrest.

■ This Court will overturn the judgment of the court below if there is no substantial evidence to support it, it is against the weight of the evidence, or the court erroneously declared or applied the law. *Hinnah v. Director of Revenue,* 77 S.W.3d 616, 620 (Mo. banc 2002).

■ We reverse for two reasons. First, Missouri law makes clear that the Director cannot be sanctioned for the failure to

---

1. Driving while intoxicated is a mandatory reportable criminal offense. Section 302.510, RSMo Cum.Supp.2005, requires the arresting law enforcement officer to report a driving while intoxicated charge to the Department of Revenue.

2. Respondent filed a Motion to Suppress/Motion to Dismiss with Prejudice; however, by agreement of counsel, the court treated it as a motion for sanctions.

produce records not in the Director's possession. *Bedell v. Director of Revenue,* 935 S.W.2d 94, 96 (Mo.App. W.D.1996); *Lazzari v. Director of Revenue,* 851 S.W.2d 68, 70 (Mo.App. E.D.1993); *Richardson v. Director of Revenue,* 725 S.W.2d 141, 142 (Mo.App. E.D.1987). This rule specifically extends to records in the custody of the Missouri State Highway Patrol, since such records are not in the Director's possession. *Lazzari,* 851 S.W.2d at 70.

 Second, the spoliation doctrine is limited to cases where a party, directly or indirectly, takes part in the destruction of evidence. *Schneider v. G. Guilliams, Inc.,* 976 S.W.2d 522, 528 (Mo.App. E.D.1998). The purpose of the doctrine is to punish the spoliator. *Id.* at 526. Here, the Trooper is not a party to the case. *Baldridge v. Director of Revenue,* 82 S.W.3d 212, 223 (Mo.App. W.D.2002). Even if the Trooper is an agent of the Director, where an agent of a party destroys evidence, for the spoliation doctrine to be applicable, there must be evidence that the "party in bad faith directed, encouraged, or in any other way took part in destroying evidence." *Schneider,* 976 S.W.2d at 528. No evidence indicates that the Director played any role in the destruction of the recordings, which were never in the Director's possession.

The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.[3]

BATES and FRANCIS, JJ., concur.

---

**3.** In doing so, we note that the trial court can believe all, part, or none of the officer's testimony. *Morris v. Director of Revenue,* 59 S.W.3d 654, 657 (Mo.App. S.D.2001). The court is certainly free to consider the failure to produce the video and audio recordings in its decision.